THE BUFFALO CITY CEMETERY, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

A rural cemetery association, incorporated under chapter 133, Laws of 1847, is the legal owner in fee of the lands, purchased for the purposes of the association.

One to whom a cemetery lot is conveyed for burial purposes, takes under the statute, simply a right to use it for those purposes. No such estate is granted, as makes him an owner in such sense, as to exclude the general proprietorship of the association.

In an assessment, therefore, for local improvements, it is proper to assess the whole premises to the association.

(Decided November 28, 1871.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, reversing a judgment in favor of plaintiff entered upon decision of the court at Special Term, and dismissing plaintiff's complaint.

This is an action brought by the Buffalo City Cemetery, for the purpose of having declared null an assessment upon its lands, levied by the defendant, to defray the expenses of a sidewalk, which the city had caused to be constructed on the south side of North street, and along lands owned by the plaintiff.

In 1868 the common council of the city of Buffalo directed a sidewalk to be laid on the south side of said street, between Main and Mariner streets. The sidewalk not being

laid by the owners of the lands fronting on the street, the common council subsequently took proceedings, under the charter, to construct the same, and caused said sidewalk to be laid, and caused to be made an assessment roll for the purpose of levying a tax, to defray the expense of laying said sidewalk. The plaintiff is a rural cemetery association, incorporated under chapter 133 of the Laws of 1847, and is the owner of some portion of the lands in front of which the sidewalk was constructed. It was assessed in said roll the sum of $566.40.

The lands assessed are owned and used by it for burial purposes only. Various subdivisions or cemetery lots had been sold by it to different persons, to be used as places of burial.

The court at Special Term held the assessment void, and granted an injunction restraining defendant from collecting.

*S. Clinton*, for appellant. The city had no right to assess the whole block to the cemetery. (Rev. Char., title 8, § 20; *Williams* v. *Village of Dunkirk*, 3 Lansing, 44.)

*B. H. Williams*, for respondent. Section 21 of charter, requiring a brief description of the several parcels of land, is directory. A precise compliance is not essential. (*Van Rensselaer* v. *Whitbeck*, 7 Barb., 137; *People* v. *Cook*, 8 N. Y., 67; *Cunningham* v. *Cassidy*, 7 Abb. Pr. R., 183; *U. S. Trust Co.* v. *U. S. Fire Ins. Co.*, 18 N. Y., 199; *People* v. *Allen*, 6 Wend., 486; *Merchant* v. *Longworthy*, 6 Hill, 646; *Knox* v. *Village of Yonkers*, 39 Barb., 266; *Dawson* v. *People*, 25 N. Y., 399; *Van Vorhis* v. *Budd*, 39 Barb., 479; *People* v. *Supervisors of Ulster*, 34 N. Y., 268.)

FOLGER, J. In this case the appellant claims, that if it be held that the respondent had the right to assess the property of the appellant, yet it has not complied with the law in doing it. But one objection is urged, and it is stated upon the points of the appellant's counsel thus: "The assessment should have been upon the lands of the respective owners, by their known boundaries. The city had no right to assess the

whole block to the cemetery, who only owned a portion of it." As far as we can gather from the printed papers before us (from which are lacking certain plats or maps referred to in the complaint, and in the findings of the court), the owners, other than the appellant here indicated, are the persons to whom respectively, subdivisions of the whole tract of the appellant's land have been by it conveyed, to be held and used by them for burial purposes. The effect of such conveyance, under the statute from which the plaintiff derives its powers, is we suppose (for no copy of any conveyance is laid before us), no more than to confer upon the holder of a lot a right to use for the purpose of interments. No such estate is granted as makes him an owner in such sense as to exclude the general proprietorship of the association. The association remains the owner in general, and holds that relation to the public and to the government, while subject to this, the individual has a right exclusive of any other person to bury upon the subdivided plat assigned to him. He holds a position analogous to that of a pew holder in a house for public worship. It is a right exclusive of any other of the congregation, but subject to the right of the religious corporation, which represents the ownership of the property to the public, and is the legal owner of the fee of the property. This being so, we see no error made by the respondent in assessing the expense of the sidewalk to the whole property, and to the appellant as owner, by one description including the whole.

The other question involved is passed upon in the other case.

The judgment affected should be affirmed, with costs to the respondent.

All concur, except Rapallo, not voting.

Judgment affirmed.