THE NEW YORK BAY CEMETERY COMPANY v. CLARA BUCKMASTER.

A deed in fee for a burial lot from a cemetery company contained the following *habendum* clause: "To have and to hold the granted premises to the said, &c., his heirs and assigns, for the uses of sepulture only, and to or for no other uses whatever, subject, however, to the conditions and limitations and with the privileges specified in the rules and regulations now made or that may hereafter be made and adopted by the managers of the said cemetery for the government of the lot-holders and visitors of the same." In ejectment to recover possession, *Held*,
1. The conveyance passes to the grantee or his assigns the fee, and the fact that he is limited in the use which he is to make of the property does not deprive him of the right of possession.
2. The fact that the company is to have the care and management and exclusive superintendence of the cemetery are not incompatible with possession by him.

Error to the Supreme Court.

For the plaintiff in error, *W. A. Lewis* and *M. T. Newbold*.

I. None of the deeds through which plaintiff below claims convey such an interest as will support the action. The interest conveyed is simply a right of burial, an incorporeal

hereditament, to be held by the purchaser, his heirs and assigns. The interest emanates from a corporation specially chartered, and the interests granted by such corporation must be in accordance with the powers given to the corporation and in subservience to the limitations in the charter. Every purchaser takes subject to the limitations in the charter as well as those in his deed.

The power of the corporation, as limited by the act of incorporation, is to vest in the purchaser and his heirs the right of burial in the lot purchased, subject to the management and possession by the corporation of the whole cemetery and each lot thereof, for the purposes particularly mentioned in the act, and subject to such rules and regulations as the company might adopt consistent with the purposes of the act of incorporation. The act of incorporation is found in *Pamph. L.*, 1850, *p.* 194.

All the deeds in plaintiff's claim of title have *habendum* as follows : " To have and to hold the hereinabove granted premises to the said ———, his heirs and assigns, forever, for the uses of sepulture only, and to or for no other uses whatever, subject, however, to the conditions and limitations and with the privileges specified in the rules and regulations now made or that may hereafter be made and adopted by the managers of the said cemetery for the government of the lot-holders and visitors to the same."

By the rules and regulations of the company, the company have full control of, entrance to and conduct within the cemetery ; assessments are laid against each lot ; lot-owners cannot bury in lot if any charge be due or unpaid ; no sale by original or subsequent owner good except entered on books of company ; all interments subject to scale of charges to be paid secretary before interment made ; all workmen upon lots, vaults, monuments, subject to direction of company ; all excavations for vaults, monuments, &c., to be made by company at expense of owner ; no lot to be enclosed without permit from company ; all improvements to lots regulated by company ; company reserve right of preventing or removing any

erection or enclosure which they may consider injurious to locality, and of removing or pruning any trees.

The possession demanded in this action is contrary to the purpose of the act, the limitations in the deeds and the terms of the rules and regulations.

There is nothing in the pleadings to limit the character of possession to be obtained under the judgment. The declaration demands possession—general possession, which means exclusive possession. The same possession is demanded as would be demanded under a fee simple absolute in the lands. Such possession, if obtained, would be free from every limitation in the act, in the deed or in the rules and regulations. Then every lot-holder might bring ejectment, and strip his ownership of every limitation, and eventually the company would have no control, possession or management, and the purposes of the act would be defeated altogether.

The *status* of a lot-holder, under the general cemetery act of New York state, which in substance is the same as the provisions in the charter of this company, is very clearly laid down in the case of *Buffalo City Cemetery Association* v. *City of Buffalo*, 46 *N. Y.* 503. In *Queen* v. *St. Mary Abbot's*, 12 *Ad. & El.* 824, the justices express the same doctrine. To the same effect is *Queen* v. *Abney Park Cemetery Co.*, *L. R.*, 8 *Q. B.* 515.

In *Presbyterian Church* v. *Andrus*, 1 *Zab.* 325, Chief Justice Green, in discussing the nature of the interest under a grant to one and his heirs and assigns forever of a pew in a church, says : " The title of the pew-holder is usufructuary. He has strictly no title to the pew itself. He cannot treat it as his own property. He can use it only for the purposes to which it has been dedicated and in the mode prescribed or agreed upon at the time of the purchase. It is in reality a mere easement. A privilege or use in the freehold of another—still it is an hereditament, although incorporeal, and as such, when vested as in the present instance in the owner and in his heirs, it is real estate, not personal."

Again, the Chief Justice says, in the same case : " But the

exclusive right of occupying a particular. seat or pew in a church is an incorporeal hereditament. It is in the nature of an easement; a right or privilege in the lands of another. For an interruption of the right an action on the case for a disturbance, as in other cases of injury to incorporeal hereditament, is the only remedy." To same effect see *Gay* v. *Baker*, 17 *Mass.* 435, and *Daniel* v. *Wood*, 1 *Pick.* 102.

In the case of *Big Mountain Improvement Co.'s Appeal*, 54 *Penna. St.* 361, it was held that a conveyance in fee simple of the whole of the surface right in a certain ten acres therein described, with the limitation—"the surface right hereby granted shall not be deemed or taken to be a right granted to the said company for the purpose of laying out a town or building thereon, but only for the purpose of a coal-breaker and dirt-room for the deposit of coal dirt," granted an easement only, for which ejectment would not lie.

The action of ejectment will not lie for an easement or any kind of an incorporeal hereditament. *Tyler on Ejectment* 41 ; *Farley* v. *Craig*, 3 *Green* 191 ; *Child* v. *Chappell*, 9 *N. Y.* 246 ; 2 *Yeates* 331 ; *Big Mountain Improvement Co.'s Appeal*, 54 *Penna. St.* 361.

II. The deeds in the claim of title of plaintiff below were void as conveyances for indefiniteness in description of the estates or lands intended to be conveyed. *Shackleford* v. *Bailly*, 35 *Ill.* 387 ; *Shoemaker* v. *McMonigle*, 86 *Ind.* 421 ; *Moulton* v. *Eggery*, 75 *Me.* 485 ; 3 *Washb. on Real Prop.* 398 ; *Bernstein* v. *Heims*, 71 *Ala.* 260.

The description gave no dimensions of the lots and nothing to indicate what part of the cemetery they are situated in. It is impossible to arrive at what particular lots were intended to be conveyed. The deeds can therefore have no validity as conveyances in severalty.

They could not operate as conveyances of an undivided interest in common, as they give no indication of the size of the lots. The map in evidence shows the lots to be unequal in size. Did the deed conveying five thousand lots include some small and some large ones, or were they all of same size?

There is nothing by which to determine that, and consequently nothing by which to find the proportion of the undivided interest conveyed by any deed.

III. The alleged confirmatory deed, if its description be capable of being ascertained with definiteness, can convey no other than an undivided one-ninth interest in the thirty thousand lots to each of the nine grantees, and no claim is made that Thomas H. Buckmaster ever acquired interests in those proportions from them.

It could not confirm titles through deeds void for uncertainty of description. If it could confirm the interests previously pretended to be conveyed by deeds Nos. 1 to 22 it would still leave the same uncertainty about the size of lots intended in any one of those deeds, and consequently the same uncertainty as to the amount or proportion of the undivided interest intended, and the deeds would still be void as conveyances. It in no sense confirms those conveyances as conveying interests in severalty, because it in no degree helps to make certain the particular lots referred to in any one of those deeds. No evidence is in the case showing that there was only thirty thousand lots unsold or that there were thirty thousand lots unsold, and without such evidence the description of deed No. 23 cannot be made certain as to the lots in the cemetery to pass under it.

IV. There was error in directing a verdict for plaintiff below, because there was evidence that should have been submitted to the jury showing that the deeds to Lansing Zabriskie (Nos. 24 to 30), through which plaintiff below claimed, were not the deeds of the corporation.

It was not controverted that Zabriskie was merely the agent of Thomas H. Buckmaster, having no interest whatever for himself. The deeds stand as if made to Thomas Buckmaster, to whom he afterwards conveyed all his interests under them. Buckmaster was the president of the company, chargeable with knowledge of all irregularities in the meetings of the stockholders and of the trustees.

The evidence showed almost conclusively that the elections held by the stockholders for selection of the officers who executed these deeds were held in New York city, and also that the meetings of the directors who had to do with the execution of these deeds were held in New York city.

All votes and proceedings of persons professing to act in the capacity of corporations, when assembled beyond the bounds of the state granting the charter of the corporation, are wholly void. *Ang. & A. on Corp.*, §§ 274, 498 ; 27 *Me.* 509 ; 13 *Pet.* 519 ; 14 *Pet.* 129. No case holds that such votes or proceedings would be valid as to a person chargeable with knowledge of the irregularity.

No corporation can, by a resolution of that general nature, which from its wording may apply to any past act, whether of the most trifling or most solemn, confirm acts of such a nature as the execution of those deeds. If it were so, no director or trustee could tell what he was voting to confirm, and the grossest frauds might be perpetrated.

V. There was error in the refusal to non-suit and in direction of a verdict for plaintiff below because the lots conveyed by the second series of deeds (24 to 31) cannot from the evidence be ascertained and located. The descriptions in all those deeds refer to certain lots by numbers in certain named blocks—as K north, Q south—upon a certain map, styled therein the "register map." The map offered in evidence shows no blocks K north or Q south, or any other block named in the deeds, and does not purport to be the register map of the cemetery, and no evidence was offered to indicate that it was.

VI. There was error in admitting the first deed offered in evidence, as it was not proved by a subscribing witness nor put within the provision of the third section of an act respecting conveyances.

The person executing the deed made the proof. There was no subscribing witness. It was claimed that the record could

be offered in evidence because it had stood thirty years, but the corroboration required by the statute was not made.

For the defendant in error, *Wm. Talcott* and *Everett P. Wheeler*, of New York.

This is a writ of error sued out by the New York Bay Cemetery Company, the defendant in an action of ejectment brought by Clara Buckmaster to recover possession of ninety-five lots in the cemetery of the New York Bay Cemetery Company. The defendant pleaded the general issue.

The issues were tried before Judge Knapp and a jury; the court directed a verdict for the plaintiff, and judgment was entered in her favor for the possession of the premises described in the declaration. The plaintiff is the daughter of Thomas H. Buckmaster, who died in 1873. He left a will, which was duly admitted to probate, which devised all his estate to his children, subject to a life estate in their mother, which life estate has since expired. After the death of the plaintiff's mother, a partition suit was brought for the partition of the lots in the cemetery of which Mr. Buckmaster died seized, and the lots in question in this suit were assigned to Clara Buckmaster by the decree in partition.

I. Ejectment was the proper remedy in this case.

(a) Ejectment is a possessory action. All that is involved in it is the right of possession, and the party, whether plaintiff or defendant, in whom is vested the right of possession, is entitled to succeed without regard to who has the fee. *Hoboken Land and Improvement Co.* v. *Hoboken*, 7 *Vroom* 543; *Dummer* ads. *Den*, *Spenc.* 86; *Clay* v. *Ransome*, 1 *Munf.* 445.

(b) But in this case the fee was in the defendant in error, and the absolute title was joined to the right of immediate possession. The legislature required the cemetery company to grant the fee to the purchaser of lots. *Pamph. L.* 1850, *p.* 194.

(c) Ejectment will lie when the plaintiff is entitled to the

possession, and he must be entitled to the possession if he is entitled to the use, for they are inseparable. *Dummer* ads. *Den, Spenc.* 86, 109.

The title obtained by the conveyances from the cemetery company was a fee. True, a base fee, but a fee, and not an easement or license. This is expressly provided by the act incorporating the defendant. *Pamph. L.* 1850, *p.* 194.

Such a conveyance passes title to the soil. *Matter of Brick Presbyterian Church*, 3 *Edw. Ch.* 155 ; *Windt* v. *German Reformed Church*, 4 *Sandf. Ch.* 471.

In the case of *Hackney Union* v. *Abney Park Cemetery Co.*, *L. R.*, 8 *Q. B.* 515 (referred to by the learned justice at the circuit in directing verdict), while the conveyance was to the grantee and his heirs and assigns forever, this grant was limited by a trust created by the same grant.

So, too, the cases in New York since 1847, by the statute of which year it was expressly provided that the cemetery company should hold the fee while the lot-owner should take but a license or easement to use the land for burial purposes, would not be authority in this case, as those decisions are expressly grounded on that provision of the statute of 1847. *Buffalo City Cemetery* v. *Buffalo*, 46 *N. Y.* 503.

So, also, in Pennsylvania—the case of *Kincaid's Appeal*, 66 *Penna. St.* 411, the conveyance was of a right to bury only, and the opinion in that case should have no weight in this.

It is not contended that these lots in the possession of the lot-owners are not subject to certain rights on the part of the cemetery company.

1. The use to which the lot-owners could put the lots is for the purpose of sepulture only, and of course, incidentally thereto, for the purpose of ornamenting lots by shrubbery, flowers, &c., and by the erection of proper monuments and enclosures.

2. The company had the right, which is distinctly reserved in the deed, to make rules and regulations for the government of the lot-owners and visitors to the same.

The fact that the defendant in error or her assigns can use

the lots "for the purpose of sepulture only" does not cut down her title from a fee to an easement. Covenants in deeds can so restrict the grantee's rights that he will not be allowed to build upon a particular portion of the granted premises. *Gawtry* v. *Leland*, 4 *Stew. Eq.* 385; *Kirkpatrick* v. *Peshine*, 9 *C. E. Green* 207; *Winfield* v. *Henning*, 6 *C. E. Green* 188.

Other covenants have been sustained, the effect of which was to set apart a tract of land for the purpose of residence only, and which so restricted the grantee's rights that he was enjoined from quarrying stone upon his own land. In this case, too, the grantee's rights were subject to rules and regulations made by the trustees. *Haskell* v. *Wright*, 8 *C. E. Green* 389.

Yet it was never even suggested that the grantee, under a deed so restricted, did not take a fee. The words "to the said T. H. Buckmaster, his heirs and assigns," are the controlling words, and accurately fix the nature and quality of the estate granted. *Child* v. *Chappell*, 9 *N. Y.* 246.

II. The description and location of the premises in question were shown with sufficient distinctness to warrant a recovery.

A deed conveying all the rights, &c., of grantor to all lots and parts of lots in the city of P., and all undivided interest in said town, will operate to convey a particular lot in that city. *Prettyman* v. *Walston*, 34 *Ill.* 175.

A deed conveying "all our rights, &c., and all real estate which we own, or have, or claim, situate in B., and particularly all that belongs to us as heirs of A. B., deceased," is not void for uncertainty, and will pass the interest of grantors in any land in said B. shown to have been owned by the said A. B. *Bird* v. *Bird*, 40 *Me.* 398.

"All vendor's lots" in a certain town, is sufficient to convey all vendor's interest derived by deed from commissioners who laid out the town. *Harmon* v. *James*, 15 *Miss.* 111.

A., who owns twelve hundred acres, sells five hundred acres, not designating which. Held good as conveying a proportional undivided interest. *Pipkin* v. *Allen*, 29 *Mo.* 229.

"All lands belonging to grantor in province of N. Y.," will pass the title to such lands. *Jackson* v. *De Lancey,* 11. *Johns.* 365.

Courts will always sustain conveyance if practicable. *Hull* v. *Fuller,* 7 *Vt.* 100; *Jackson* v. *Clark,* 7 *Johns.* 217.

III. The deeds were properly admitted in evidence.

Whatever error or imperfections there may have been originally in the acknowledgment or proof of any of them could not be urged against their admissibility at the time of the trial, which was in 1886. *Rev., p.* 163, § 57.

Of the twenty-three deeds conveying the thirty thousand lots, all but two were recorded on the 9th day of October, 1854, and of those two one was recorded on the 2d day of February, 1854, and the other on the 12th day of September, 1860.

The secretary of a corporation is the proper custodian of its seal, and when he affixes it to an instrument the presumption is that he did it by direction of the corporation, and those disputing the instrument have the *onus* to show that he acted without authority. *Manhattan Co.* v. *N. J. Stock Yard Co.,* 8 *C. E. Green* 165; *Legget* v. *N. J. Manufacturing and Banking Co., Saxt.* 541; *Evans* v. *Lee,* 11 *Nev.* 194.

IV. The entire thirty thousand lots vested in the testator of the defendant in error by virtue of the series of deeds offered in evidence, showing the conveyance of all these lots to several parties by the cemetery company, and by these several grantees to Buckmaster. In order to make several deeds parts of one and the same transaction it is not necessary that they should bear the same date. *Gammon* v. *Freeman,* 31 *Me.* 243; *Harrison* v. *Phillips Academy,* 12 *Mass.* 456. Nor is it necessary that the same persons should be grantors and grantees. *Gammon* v. *Freeman, supra; Clark* v. *Munroe,* 14 *Mass.* 351; *Gilliam* v. *Moore,* 4 *Leigh* 30. A map referred to in a deed is a part of it. *Morgan* v. *Moore,* 3 *Gray* 319, 322; *Lincoln* v. *Wilder,* 29 *Me.* 169; *Davis* v. *Rainsford,* 17 *Mass.* 211; *Lunt* v. *Holland,* 14 *Id.* 149.

We submit that by this series of deeds, together with the register map or plan in them referred to, Buckmaster became seized in his own right, in fee, of all the thirty thousand unsold lots then remaining in the original cemetery plot or plan.

V. But if those deeds were void and conveyed no title, the title must still have remained vested in the cemetery company,

Whatever title the cemetery company had in the lots in controversy in this action was therefore conveyed to Lansing Zabriskie, in 1871, by the deeds from the cemetery company to him, in which the lots were distinctly conveyed by section letters and lot numbers. And the absolute title to those lots was conveyed to Buckmaster, the testator of the defendant in error, by the deed from Zabriskie to him, also in 1871. So that in either event the title to the lots in controversy must have vested in the testator of the defendant in error.

VI. The burden of proof is on the plaintiff in error to show that the conveyances to Buckmaster were not authorized by a legal board of trustees of the cemetery company. This plaintiff in error failed to do. The court cannot conjecture on this subject. The presumption will be that the trustees of a corporation are legally elected until the contrary is proved. *Ang. & A. on Corp.*, § 516 ; *Hill* v. *Manchester Water Works Co.*, 5 *Barn. & Ad.* 874 ; *Clarke* v. *Imperial Gaslight Co.*, 4 *Id.* 325 ; *Citizens' Insurance Co.* v. *Sortwell,* 8 *Allen* 223.

VII. The defendant cannot take advantage of the conditions in the deed from Broomhead to it, in reference to the price at which lots should be sold. This condition was manifestly reserved for the benefit of Broomhead, in order to enable him to be paid as large an amount as possible upon his scrip which he received for his interest in the land. The grantor is the only person who can take advantage of a breach in the conditions of a deed. *Southard* v. *N. J. Central R. R. Co.*, 2 *Dutcher* 13 ; 4 *Kent Com.* 122 ; 2 *Washb. on Real Prop.* (*4th ed.*) 13 ; *Shep. Touch.* 149.

VIII. The deeds executed by the defendant are conclusive against it. It is well settled that a man cannot defend him-

self in an action of ejectment, nor set up title in a third per-
son, against his own covenant or grant. *Den* v. *Winans*, 2
*Green* 1; *Den* v. *Gardner, Spenc.* 556; *Den* v. *Pine*, 4 *Wash.
C. C.* 691; *Den* v. *Gifford, Coxe* 197; *Cox* v. *Lacy*, 3 *Litt.*
334.

IX. In ejectment the Supreme Court deals only with the
legal title, and cannot inquire into the title under an implied
trust. *Mulford* v. *Tunis*, 6 *Vroom* 256. The question of the
consideration paid by Zabriskie for the conveyance to him
was therefore immaterial, and did not raise any question for
the jury.

X. The exceptions to the rulings of the court allowing the
plaintiff to show that a person familiar with the cemetery
could locate the lots in question from the description in the
deeds to Zabriskie. This is the uniform practice in ejectment
suits, where there is a dispute as to the location, to call a sur-
veyor or other expert, and show how he can practically locate
the property in question. Such evidence is always admissible.
*Surget* v. *Little*, 13 *Miss.* 319. But even if this were other-
wise, the description in the deed is clear, and any error in ad-
mitting the evidence did not prejudice the plaintiff in error,
and is therefore no ground for reversal. *Rodenbough* v. *Rose-
bury*, 4 *Zab.* 491.

Exception was taken to the admission in evidence of the
lot-book of the defendant, which showed what lots had been
conveyed prior to the conveyance of the thirty thousand lots.
This is the defendant's own book, and certainly admissible in
evidence against it, and it was manifestly competent for the
parties identifying the lots which were conveyed to Buck-
master by showing what the lots were which had previously
been conveyed to others. *N. R. Meadow Co.* v. *Shrewsbury
Ch.*, 2 *Zab.* 424, 428; *Highland Turnpike Co.* v. *McKean*,
10 *Johns.* 162.

XI. Three exceptions were taken to the rulings of the court
allowing secondary evidence of the proceedings at the meet-
ing of the trustees in Jersey City, June 10th, 1871. The de-

fendant had already proved that the book of minutes was lost. The plaintiff offered in evidence a copy of the proceedings of the meeting, certified by the secretary of the company. The defendant objected to the admissibility of this copy, and the court excluded the evidence. This ruling was erroneous. The recording officer of a corporation may make and verify copies of its records, and of the verity of such copies his certificates are evidence. *Ang. & A. on Corp.*, § 515 ; *Oakes* v. *Hill*, 14 *Pick.* 442. But it was in the defendant's favor, and clearly the defendant, having caused the certified copy to be excluded, could not afterward object to proof of what took place at the meeting by the evidence of a witness who was present at it. It having appeared that the meeting took place in Jersey City, and was a meeting of the trustees of the defendant, it surely could not be important to give further proof as to the legality of the meeting. The exceptions referred to are therefore not well taken.

XII. It was unnecessary to prove an actual ouster. The statute on this subject is express : " The plea of the defendant shall, for the purposes of that action, be an admission that he was in possession of the premises for which he defends, or that he claimed title thereto at the time of commencing the action." *Rev., p.* 327, § 13.

XIII. The judgment in favor of Clara Buckmaster should be affirmed, with costs.

THE CHANCELLOR. This suit was brought by Clara Buckmaster to recover possession of certain lots in the cemetery plot of the New York Bay Cemetery Company. The conveyances from the company under which she claims title and right of possession were made to her father. While they convey the property in fee, they convey it for the uses of sepulture only, and to and for no other use whatever, and subject to the conditions and limitations and with the privileges specified in the rules and regulations which, at the date of the conveyances were made or which might thereafter be made and adopted by

the managers of the cemetery, for the government of the lot-holders and visitors.  It is urged by the cemetery company that the interest which was conveyed by those deeds is a mere right of burial, and that therefore the company, and not the grantee or his assigns, are entitled to possession.  In this connection it is urged also that while by its charter (*Pamph. L.* 1850, *p.* 194), the company is authorized to acquire land for its purposes, and is empowered to sell or otherwise dispose of it in sublots, and to convey such sublots in fee, the charter also provides that they shall be conveyed to be occupied only as burial places for deceased human beings, with the uses and privileges of the several avenues, walks and chapels in the cemetery, subject to such regulations as at the passage of the charter had been or thereafter might be established by the association in relation thereto.  Also that the charter provides that the care and management of the cemetery shall be confided to the incorporators and their successors, who shall have the exclusive superintendence thereof, with power to appoint and employ such officers and agents as they shall deem expedient, to fix their compensation, to cause the grounds, graves, walks and improvements to be kept in good order, and generally to do all other such things for the interest of the association and lot-holders as may be proper in the premises; and that it shall be the duty of the company to cause the cemetery to be enclosed, and at all times to keep the enclosure in good order and repair, and to keep and maintain the grounds in a clean and neat condition.  The counsel of the company insist that these provisions are incompatible with any right of possession in the lot-holders.  But the conveyances under which Miss Buckmaster claims, pass to her the fee in the property.  And it is to her own use, although that use is limited.  The fact that she is thus limited in the use which she is to make of the property does not deprive her of the right of possession.  Neither does the fact that the company is to have the care and management and exclusive superintendence of the cemetery of which the property forms a part.  These things are not incompatible with possession by her.  The case

differs essentially from those cited by the counsel of the company. In *Queen* v. *Abney Park Cemetery Co., L. R.*, 8 *Q. B.* 515, a tax case, the conveyance released and confirmed to the grantee a plot of ground in the cemetery, to hold to the grantee and his heirs and assigns forever, but nevertheless upon trust and to the intent that he or they might erect or construct a vault or mausoleum in or upon the same, and might use the plot as and for a place of burial, and for no other purpose; and, subject to that intent, in trust for the company as part of the property of the company. It was held that the company was taxable for the property as the occupant thereof. In *Queen* v. *St. Mary Abbot's*, 12 *Ad. & El.* 824, also a tax case, the company had the title for the land and sold rights of burial therein in perpetuity. It was held that it was liable to be rated as the occupier of the whole of the ground. In *Buffalo City Cemetery Association* v. *City of Buffalo*, 46 *N. Y.* 503, the conveyance was made under the statute which provided that the company should have the fee and the lot-owners only a license or easement for burial purposes, and the decision was put upon the ground that the company was the owner of the fee.

The judgment of the Supreme Court should be affirmed.

VAN SYCKEL, J. (dissenting). Clara Buckmaster, the plaintiff in ejectment, derived her title from the New York Bay Cemetery Company, the defendant in ejectment. All the deeds in her chain of title contain the following *habendum* clause: "To have and to hold the granted premises to the said ――――, heirs and assigns, for the uses of sepulture only, and to and for no other uses whatever, subject, however to the conditions and limitations and with the privileges specified in the rules and regulations now made or that may hereafter be made and adopted by the managers of the said cemetery for the government of the lot-holders and visitors of the same."

The act of incorporation of the cemetery company provides that the company shall have exclusive superintendence of the

cemetery, with power to cause the graves, walks and grounds to be kept in good order by such persons as they may employ.

The charter also imposes upon the company the duty of enclosing their grounds with a substantial fence, and of keeping the fence and grounds in good condition.

There was no evidence before the trial court that the lot-owner had been refused possession of her lots, for the purpose of sepulture or for any other purpose, or that any demand was made by her upon the company for possession for any purpose, before suit brought.

The court below directed a verdict for the plaintiff. In this I think there was error. A rule which permits every lot-owner, under such circumstances, to vex the company with an ejectment suit must prove ruinous to the best interest of the company and disable it to perform those duties which are cast upon it by its charter. The lot-owner is not entitled to the exclusive possession as against the company. Her right is not inconsistent with the continued possession of the company, and until that right is denied her I cannot comprehend how she can maintain any action against the corporation, which, so far as appears, has done nothing to exclude the lot-owner from the full enjoyment of her rights.

In my opinion the judgment below should be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, REED, SCUDDER, BROWN, COLE, McGREGOR, PATERSON, WHITAKER.   9.

*For reversal*—DIXON, MAGIE, VAN SYCKEL, CLEMENT.   4.