Barnard, P. J.
The case shows that one De Noyells, being the owner of a lot of land containing some 13 acres, conveyed ten-elevenths of the same to 10 individuals, on the condition that the same was conveyed “for the purpose of a cemetery, or burying place for the dead, and for no other purpose.” The plaintiff became subsequently the owner, by deed in partition dated January 9, 1882, of all those portions of the lot “not sold or parted with before the date of said deed.” The defendant claims to have been a purchaser of the lot in question before plaintiff got his deed. The evidence shows that the associates in the title gave a power of attorney to sell plots to two of their number, John S. Gunner and Isaiah Hillburn, in April, 1884. The actor for the owner seemed at first to have been John S. Gunner, and when he became incapacitated by ill health one Bichard T. Blanch “acted in reference to the sale of plots and the management of the cemetery” for “eight or ten years, up to the time of his death.” Blanch sold plots, and collected money for plots; he made repairs. The cemetery was not incorporated, and no written power seems to have been given by the owners to Blanch. In April, 1867, the defendant made a contract with John S. Gunner for the purchase of plot 192, which includes the lands in question. “He told me what lot to take.” The deed was to be ready in two or three weeks. The defendant began to bury his dead in the lot about three weeks after this agreement, and now has a son and a daughter, and four or five grandchildren, buried in the lot. In November, 1869, the defendant paid Blanch, as part payment for the lot, $30.47. Blanch said he could not give a deed, but could give a receipt. The defendant wanted his deed, and was ready and offered to pay the whole of the purchase money., Blanch told the defendant, “It must be fixed differently very shortly.”' Nothing further was ever done. No deed has ever been tendered, and in June, 1887, the defendant tendered the present owner of the land the balance, and asked for the deed.
The plaintiff has no claim to the possession of the land involved in this action, to the exclusion of the defendant’s rights of burial there. No title to the land itself will pass to the defendant by “deed,” so called. The owner will still "’remain owner, and the defendant will have a right, exclusive of all others, to bury upon it. Cemetery v. City of Buffalo, 46 N. Y. 503. No formal deed was necessary, as if to convey the fee; exclusive permission to bury in it was all that was needed. If a deed was necessary, power was given by pai'ol, and burials were made in the lot with the knowledge and assent of the joint owners. Monuments were put up, and the lot has been constantly *153 beautified by the defendant since the purchase of the right by him. Equity will enforce such a contract, even for the sale of land, where it has been partly performed. But only permission to bury in the plot was needed, and that was fully proven. The exception should be overruled, and judgment rendered for the defendant upon the verdict, with costs. All concur.