CLARENCE R. CONGER, Respondent, v. JOHN TREADWAY, Appellant.

CLARENCE R. CONGER, Appellant, v. WOOLSEY T. WEYANT, Respondent.

*Supreme Court, Second Department, General Term, December 9, 1889.*

1. *Cemeteries. Right of burial.*—The exclusive permission to bury in a cemetery lot is sufficient to confer an exclusive right to use the lot for burial purposes, and no formal deed is necessary.
2. *Ejectment adverse possession.*—Twenty years possession of a cemetery lot under a claim of title will of itself defeat an action of ejectment.

The opinion on the former appeal is as follows:

BARNARD, P. J.—The case shows that one De Noyells, being the owner of a lot of land containing some thirteen acres, conveyed ten elevenths of the same to ten individuals on the condition that the same was conveyed " For the purpose of a cemetery or burying place for the dead, and for no other purpose." The plaintiff became subsequently the owner by deed in partition dated January 9, 1882, of all those portions of the lot " not sold or parted with before the date of said deed." The defendant claims to have been a purchaser of the lot in question before plaintiff got his deed. The evidence shows that the associates in the title gave power of attorney to sell plots to two of their number, John S. Gunner and Isaiah Millburn, in April, 1884. The actor for the owner seemed at first to have been John S. Gunner, and when he became incapacitated by ill health, one Richard T. Blanch " acted in reference to the sale of plots and the management of

the cemetery" for "eight or ten years up to the time of his death." Blanch sold plots and collected money for plots ; he made repairs. The cemetery was not incorporated and no written power seems to have been given by the owners to Blanch. In April, 1867, the defendant made a contract with John S. Gunner for the purchase of plot 192, which includes the lands in question. " He told me what lot to take."

The deed was to be ready in two or three weeks. The defendant began to bury his dead in the lot about three weeks after this agreement and now has a son and a daughter and four or five grandchildren buried in the lot. In November, 1869, the defendant paid Blanch as part payment for the lot, $30.47. Blanch said he could not give a deed, but could give a receipt. The defendant wanted his deed and was ready and offered to pay the whole of the purchase-money. Blanch told the defendant, "It must be fixed differently very shortly." Nothing further was ever done ; no deed has ever been tendered, and in June, 1887, the defendant tendered the present owner of the land the balance and asked for the deed. The plaintiff has no claim to the possession of the land involved in this action to the exclusion of the defendant's rights of burial there. No title to the land itself will pass to the defendant by deed so called. The owner will still remain owner and the defendant will have a right, exclusive of all others, to bury upon it. Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 503.

No formal deed was necessary as if to convey the fee ; exclusive permission to bury in it was all that was needed. If a deed was necessary, power was given by parol and burials were made in the lot with the knowledge and assent of the joint-owners. Monuments were put up and the lot has been constantly beautified by the defendant since the purchase of the right by him.

Equity will enforce such a contract even for the sale of land where it has been partly performed.

But only permission to bury in the plot was needed and that was fully proven.

The exception should be overruled and judgment rendered for the defendant upon the verdict, with costs.

PRATT, J., concurs.

Appeals from judgments entered in favor of the respective defendants upon verdicts.

Actions of ejectment to recover certain plots of ground in Mount Repose Cemetery in Haverstraw.

*Irving Brown*, for appellant.

*Geo. W. Weiant*, for respondents.

PRATT. J.—The facts are the same as when these causes were formerly before the court, and the opinions then filed, see 50 Hun 451, cover the case and render further discussion superfluous.

In addition to the reasons then given it may be said that more than twenty years possession under a claim of title is shown, which would of itself defeat the actions.

None of the rulings upon the. trial now objected to had any effect upon the determination, and if any of them were erroneous no harm resulted.

Judgment affirmed, with costs.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.

NOTE.

See McGuire *v.* Trustees ; 54 Hun, 207 ; Conger *v.* Treadway, 50 Id. 451; Same *v.* Weyant, 20 N. Y. St. Rep. 775 ; People *v.* Oak Hill Cem. Ass'n *v.* Pratt, 129 N. Y. 68 ; Conger *v.* Treadway, 132 Id. 259 ; Matter of Board, etc., 62 Hun, 499 ; 133 N. Y. 436 ; Seymour *v.* Spring Forest Cem. Ass'n, 64 Hun, 632.