### CONGER *v.* WEYANT *et ux.*

### SAME *v.* TREADWAY.

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

1. CEMETERIES—RIGHT OF BURIAL—CONVEYANCE.
    No formal deed is necessary to confer the exclusive right to the use of a lot in a cemetery for burial purposes. Oral permission is sufficient.

2. SAME—SALE OF LOT—EVIDENCE.
    Where defendant's family used a lot for burial purposes, without objection, for over 20 years, grave-stones being erected, marked with the initials of the family, the manager of the cemetery association recognizing their right, and a memorandum of the sale of the lot to defendant being shown in the manager's handwriting, a sale to defendant of the right to use such lot was sufficiently shown.

3. SAME—PRESCRIPTIVE RIGHT TO LOT.
    More than 20 years' possession under a claim of title will defeat ejectment for a lot in a cemetery.

Appeal from circuit court, Rockland county.

Ejectment by Clarence R. Conger against Wolsey T. Weyant and Sallie V. Weyant, his wife, and against John Treadway. From an order entered on a verdict in favor of defendants, and an order denying his motion for a new trial on the minutes, plaintiff appeals. For former reports, see 3 N. Y. Supp. 152, 153.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Seaman & Conger,* (*Irving Brown,* of counsel,) for plaintiff. *George W. Weyant,* for defendants.

PRATT, J. The facts are the same as when these causes were formerly before the court, and the opinions then filed (see 3 N. Y. Supp. 152, 153) cover the case, and render further discussion superfluous. In addition to the reasons then given, it may be said that more than 20 years' possession under a claim of title is shown, which would of itself defeat the actions. None of the rulings upon the trial now objected to had any effect upon the determination, and if any of them were erroneous no harm resulted. Judgment affirmed, with costs.