PENNSYLVANIA RAILROAD COMPANY, RESPONDENT, v. OSCAR FUCELLO ET AL., APPELLENT.

Submitted March 21, 1918—Decided June 6, 1918.

1. Where an original entry is the result of a privilege accorded by law, and the licensee commits an act of trespass, he becomes a trespasser *ab initio,* but where the entry has been allowed by the owner or occupant in the first instance, an unlawful act of the licensee does not operate to make the original entry a trespass, but subjects the licensee to an action on the case for damages.

2. Where a person enters upon lands in accordance with a privilege extended to him, his subsequent dereliction does not constitute a trespass *ab initio,* and does not operate to subject him to the penalty provided in "An act to prevent willful trespasses upon lands" (*Pamph. L.* 1857. *p.* 16; *Comp. Stat., p.* 5652).

3. The act of 1857, entitled "An act to prevent willful trespasses upon lands" (*Comp. Stat., p.* 5652) is a penal statute, and must be strictly construed.

---

On appeal from the Trenton District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *W. Holt Apgar.*

For the appellants, *Joseph Lanigan* and *Josiah Stryker.*

The opinion of the court was delivered by

MINTURN, J. There were thirty-three separate actions involving the same question instituted by this plaintiff, and the entire number were tried together as one case, and all were adjudged to be guilty as trespassers.

Defendants, taxi cab drivers in the city of Trenton, were notified by the agent of the plaintiff not to park their automobiles for a longer time than would be necessary to discharge their passengers, upon the premises of the railroad company, at the Clinton street station, at Trenton. The complaint against each individual defendant alleges, and the offence of which he was found guilty was that he failed to obey the notice so given, and "did park and keep his said automobile on the aforesaid lands for a longer space of time, and much longer than was necessary."

The suit is brought to recover a penalty for this alleged trespass, resulting from the defendant's disregard of the company's notice, and is based upon the following statute:

"An act to prevent willful trespasses upon lands." *Pamph. L.* 1857, *p.* 16; *Comp. Stat., p.* 5,353.

"1. Penalty for trespass upon lands.—That if any person or persons shall unlawfully enter upon any lands not his own, after having been forbidden so to do by the owner or legal possessor of such lands, he shall forfeit and pay for each offence to the owner of said lands or his or her tenant in possession, the sum of three dollars, to be sued for and recovered, with costs, in an action of debt, before any justice of the peace in this state."

This act, it will be observed, deals with an actual trespass *ab initio,* and not with a constructive trespass created by an act of entry originally lawful, but made unlawful by a tortious act committed after entry. *Garcin* v. *Roberts,* 69 *N. J. L.* 572.

The refinement of the law in this latter class of torts has evolved a distinction between the tortious act done upon premises where entry has been allowed by the owner or occupant in the first instance, and the act done under similar circumstances where the original entry was the result of a legal right or privilege accorded by law. In the latter instance the licensee becomes a trespasser *ab initio,* while in the former his act becomes one of tort-feasance, punishable by an action on the case for damages. This distinction was given legal recognition in the *Six Carpenters Case, 4 Coke* 290, and has been adhered to quite consistently in this country where the question has been mooted. *Foundations of Legal Liability, 1 St. 45; Allen v. Crofoot, 5 Wend. 506; Taylor v. Jones, 42 N. H. 25; Abbott v. Kimball, 19 Vt. 551; Beers v. McGinnis, 191 Mass. 279.*

The principle is elucidated and the cases are quite generally collected in 38 *Cyc.* 1000.

The statute clearly applies to an original entry, which can be denominated in the first instance a trespass. *Garcin v. Roberts, supra.* The statute being penal in its nature and consequences must, under the familiar rule applicable to such legislation, be strictly construed, and will not be held to include any other offence by intendment.

The act constituting the alleged offence must be within both the letter and the spirit of the statute. *Lair v. Killmer,* 25 *N. J. L.* 522.

The result is that the entry of the various defendants having been within the privilege accorded them, their subsequent dereliction in failing to obey the command of the railroad company, cannot be construed into an original trespass, and will not operate to charge them as trespassers, within the meaning of the statute.

The judgment in each of the cases appealed from will therefore be reversed.