This is a bill filed by the widow of Joseph Hudek to restrain the defendant from interfering with the burial of the body of the deceased husband in a cemetery plot which had been purchased by the deceased in his lifetime, and which was owned by him at the time of his death. The defendant refuses to permit the interment of the body of the deceased owner in the cemetery plot indicated, because it alleges that he committed suicide, and that under the regulations of the cemetery association the body of a suicide could not be buried within the limits which they regarded as consecrated ground, and in which area the plot in question is located.
There is no dispute regarding the title of the deceased to the plot in question. This title is a legal estate, and a property right is therefore involved. The jurisdiction of this court over the subject-matter of the suit, therefore, seems clear. *Page 400 
It also seems clear that the object and intention of the deceased in purchasing the plot was to provide a burial place for himself and his family. The widow, ordinarily, would be given preference in determining the disposition of the body of her husband. The argument of the defendant that the heirs-at-law of the deceased owner should control this is to me without sustainable merit as against the wishes of the widow.
The defendant, however, also argues that the right of burial was not absolute in the owner of the plot, but that it was qualified by certain terms and conditions contained in the regulations of the cemetery association, and to which the owner must be taken to have acquiesced in accepting the deed to the plot; and one of these conditions was that burial should be refused if the owner should commit suicide.
The defendant, in asserting that this term or condition has been violated, has the burden of establishing the violation. It is not enough, in my opinion, to simply say that the defendant, through its official or unofficial agencies, has determined that the violation asserted has occurred. In overriding the property right above referred to, a judicial determination is necessary.
There is no direct evidence of the suicide alleged. The indirect or circumstantial evidence adduced consists merely of a repetition of vague rumors made by the alleged suicide, shortly before his death, or mere conjectures and conclusions of the witnesses.
I do not feel that there is sufficient, competent evidence to sustain the burden of the defendant, or to convince me of the fact set up by the defendant as the violation of the term or condition which it asserts in attempted justification of its refusal to permit the burial of the body of the deceased husband of the complainant in the plot involved.
I will therefore advise a decree in accordance with the prayer of the complainant's bill. *Page 401