In 1890 Gottlieb Gennert by deeds recorded in the Hudson County register's office, acquired title to a plot in the cemetery of defendant Bay View Cemetery Association and erected thereon a vault constructed for the sepulture of ten adults. He died testate leaving six children, among them Maurice, father of complainants. Four of Gottlieb Gennert's children (including Maurice) have died and their bodies, with those of Gottlieb Gennert and his wife, have had sepulture in the *Page 87 
vault. The remaining living children of Gottlieb Gennert are the defendant Gustav C. Gennert and his sister Emily Gennert Macks.
Complainants seek a decree to secure interment in the vault of the remains of their deceased mother Claire A. Gennert, widow of Gottlieb Gennert's deceased son Maurice, and restraining defendants from interfering with such asserted right of sepulture. Opposition is made by the defendant Cemetery on the ground that complainants have failed to produce, as required by Cemetery rules, the original deeds to Gottlieb Gennert and, by the other defendant Gustav C. Gennert on the ground that neither complainants nor their deceased mother have or had any legal interest in the cemetery plot and that only direct descendants of Gottlieb Gennert have the right of interment in the vault. This court has jurisdiction to protect property rights in a cemetery plot and infringement of such rights will be prevented by injunction. Hudek v. St. Peter's Greek, c., Association,101 N.J. Eq. 399; affirmed, 102 N.J. Eq. 332.
The conveyance of the plot to Gottlieb Gennert was to him, his heirs and assigns limited specifically for use for burial of the dead and subject to rules and regulations adopted and to be adopted by the Cemetery. That conveyance passed the fee and carried with it the right of possession in the grantee and in those who might derive title from him. New York Bay CemeteryCo. v. Buckmaster, 49 N.J. Law 449. Gottlieb Gennert died in 1901; his probated will did not specifically devise the cemetery plot and his title thereto passed under his residuary clause whereby his residuary estate was given to his six children, of whom Maurice was one. Maurice died testate in 1915 survived by his wife, the said Claire A. Gennert, and by complainants as his only children and heirs-at-law. His will made no specific devise of his one-sixth interest in the burial plot and that interest passed as part of his residuary estate, one-fourth of which he gave to his wife.
The cemetery statute applicable at the time Gottlieb Gennert acquired title to the plot and at the death of Maurice Gennert, is to be found in the Revised Statutes of 1877 p. 102, and was carried into the Comp. Stat. 1910 p. 376 § 11. *Page 88 
It provides that when a cemetery association has transferred title to a plot and an interment has been made therein, the title shall be inalienable on the death of the original grantee and shall go to his heirs-at-law or devisees; provided that the body of a deceased person shall not be interred in such plot unless it be the body of a person having at the time of decease an interest in the plot, or the relative of some person having such interest, or the wife of such person, or her relatives, except by consent of all persons having an interest in such plot. This statute is now found in R.S. 8:2-21 and 24 in practically the same form.
I cannot agree with the claim made on behalf of Gustav C. Gennert that the statute declares an intention to limit interment in a cemetery plot to the classes of persons designated, in an order of priority in which the statute names such classes. It is my opinion that the statute was intended to confirm right of burial to all classes of persons therein designated without regard to priority as between them, and to limit such right as against those who may be termed "outsiders." In any event the right of Claire A. Gennert would arise under the first class designated as a person having, at the time of decease, an interest in the plot.
The statute cited extends the right of burial in a particular cemetery plot to others than direct descendants of the original grantee, even so far as to relatives of the wife of a person having an interest in the plot, and Gottlieb Gennert caused his wife (who of course was not a direct descendant) to be interred in the vault in question, she having predeceased him. There is nothing in the deeds to Gottlieb Gennert or in his will to evidence an intention on his part that he took title only for the benefit of himself and his lineal descendants and no such intention can be presumed. On the contrary it should be presumed that he had knowledge of the statute under which all persons therein specified should be entitled to claim right of interment in the order of their deaths; there still remain four spaces in the vault for those having the legal right, as their deaths may occur, to the use of such spaces. It is natural that complainants should desire that their mother should lie in death beside her deceased husband and *Page 89 
their desire is fortified by a legal right arising out of the fact that their mother had acquired an interest in the plot under the will of her deceased husband; also because she was a relative of complainants who are the heirs-at-law of her deceased husband, and finally because she was the wife of Maurice Gennert who had acquired an interest in the plot under his father's will. SeeAntrim v. Malsbury, 43 N.J. Eq. 288.
The interest of the Cemetery is as trustee for the holders of deeds to plots in the cemetery. As such trustee it cannot refuse sepulture to complainants' mother merely because of a cemetery rule that applicants for burial must produce the original deeds for the plot. Such rule is for the purpose of satisfying the Cemetery as to the identity of the applicant and no question is raised that Claire A. Gennert was not in her lifetime the daughter-in-law of Gottlieb Gennert. The deeds are in possession of Gustav C. Gennert who arbitrarily refuses to produce them to the Cemetery but has produced them in court. Sufficient evidence of identity of ownership was given the Cemetery by production to it of certified copies of the deeds, which sort of evidence the Cemetery admits it has considered satisfactory in other cases; it also admits production to it of copies of letters testamentary issued to complainants under their mother's will.
I am aware that R.S. 8:2-21 was amended by P.L. 1941ch. 61, so as to provide that if the original grantee of a cemetery plot shall die leaving a will whereby he makes no specific disposition of his plot, such plot shall go to his heirs-at-law and shall not pass under a residuary clause which merely provides for disposition generally of real property. That amendment does not apply here because the interests of Maurice and Claire A. Gennert were acquired long prior to the adoption of the amendment.
The complainants may have a decree restraining both defendants from interfering with the sepulture of the body of Claire A. Gennert in the vault in question. *Page 90