49 N.J. Super. 149 (1958)
139 A.2d 454
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT.
v.
ROBERT R. TERWILLIGER, CHARLES FRANK, SR., FRED THOMAS GEARDINO AND CHARLES A. FRANK, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1958.
Decided March 4, 1958.
*150 Before Judges PRICE, HANEMAN and SCHETTINO.
*151 Mr. Irving L. Hodes argued the cause for defendants-appellants (Messrs. Hodes and Hodes, attorneys).
Mr. Cuddie E. Davidson, Jr. argued the cause for plaintiff-respondent (Mr. H. Russell Morss, Jr., prosecutor; Mr. Stephen N. Maskaleris, on the brief).
The opinion of the court was delivered by PRICE, S.J.A.D.
Defendants were convicted of disorderly conduct, on a complaint that they violated N.J.S. 2A:170-31. The statute is as follows:
"Any person who trespasses on any lands, except fresh-meadow land over which the tide has ebbed and flowed continuously for 20 years or more, after being forbidden so to trespass by the owner, occupant, lessee or licensee thereof, or after public notice on the part of the owner, occupant, lessee or licensee forbidding such trespassing, which notice has been conspicuously posted adjacent to the highway bounding on such lands or adjacent to a usual entry way thereto, is a disorderly person and shall be punished by a fine of not more than $50."
Defendants are monument makers and salesmen of cemetery memorials. On January 4, 1957 they entered in a motor truck upon the public portion of the premises owned by Graceland Memorial Park Association, a rural cemetery in Kenilworth, N.J. Their purpose was to install bronze markers on designated graves by authority of certain lot owners with whom they were under contract.
Four separate complaints were made charging the respective defendants with violating the aforesaid statute. The cases were consolidated for trial. Defendants were adjudged guilty in the Municipal Court of the Borough of Kenilworth on March 25, 1957. The court suspended sentence but assessed costs of $5 against each defendant. On appeal to the Union County Court the cases were tried de novo on June 14, 1957. Defendants were again convicted, sentences were suspended and no costs were assessed against them. The present appeal is from those convictions.
The cemetery association by written instruments grants and conveys lots and plots in said cemetery for the purpose *152 of burial. The form of transfer is standard and is reflected in a document of the type and kind offered in evidence in this case. Each conveyance or grant is made subject to the restrictions, among others, "that no monument, tombstone, vault, marker, fence, coping, mounds, mausoleum or other structures of any kind may be erected or any hedge, plants, trees, or flowers be planted on such plot or lots, unless the same be expressly permitted by the rules and regulations of the Association, and further, subject at all times to any and all the rules and regulations of the said Memorial Park and/or Association now in force or which may be adopted hereafter." Said grant further provides that "All opening of and burial in and all improvements, embellishments, care and maintenance of said plot or lots herein conveyed shall be under the exclusive direction and control of GRACELAND MEMORIAL PARK ASSOCIATION."
On the day of the commission of the alleged offenses defendants traversed an U-shaped driveway which affords the only means of ingress to the cemetery premises from the highway and arrived at the association office which is located approximately 150 feet from the highway. They were met at the office by the secretary-treasurer of the Association; they advised him of the purpose of their visit and that they had appropriate permission and authorization from specific grave or plot owners for the installation of certain markers. The association secretary then forbade them to install such markers and directed them to leave the premises. They disregarded such command, entered the area where the graves were located and installed at least one marker. The secretary then called a police officer and on the secretary's complaint defendants were arrested and charged with violating the aforesaid statute.
The County Court determined that no public notice within the terms of the statute in question was sufficiently displayed to create an offense against the act. We agree with this conclusion.
Defendants, relying on the case of Pennsylvania R. Co. v. Fucello, 91 N.J.L. 476 (Sup. Ct. 1918), assert that they *153 did not violate the statute because their original entry upon the premises was lawful; that the statute is applicable to an original entry only; that the act of the secretary-treasurer of the association forbidding defendants to enter the main cemetery area and directing them to leave the property did not operate to make the original lawful entry an unlawful one so as to justify a conviction under the provisions of the statute. The County Court held however that defendants violated the statute by virtue of their refusal to obey the direction of the association representative forbidding them to enter the grave area and perform any work with reference to the grave markers.
In passing it should be noted that the County Court concluded that the cemetery grant conveys no title to lot owners, that the fee remains in the association. We hold that the granting and habendum clauses of the instrument are such that a fee is conveyed subject, however, to the restriction that the plot or lot shall be used for the purpose of burial only and subject to complete supervision of the association with reference to the erection of monuments, markers, the planting of trees, etc., as aforesaid. New York Bay Cemetery Co. v. Buckmaster, 49 N.J.L. 449, 462 (E. & A. 1887); Clark v. Rahway Cemetery Co., 69 N.J. Eq 636 (Ch. 1905); Mohnkern v. Gennert, 136 N.J. Eq. 86 (Ch. 1945). The association by civil action would undoubtedly be entitled to enjoin defendants and any lot owner, who challenged such right of supervision, from placing a marker other than that authorized by the association or in embellishing the lot or plot in any way not permitted by the association. Frank v. Clover Leaf Park Cemetery Ass'n, 48 N.J. Super 337 (Ch. Div. 1957).
Independent of the question of legal title of the actual lots and plots it is recognized that the other areas of the cemetery are owned by the association.
A conflict between the interest of the grave or plot owners and the complete supervisory interest and control of the association should be resolved in favor of the association in an appropriate case. Such lot or plot owners cannot legally *154 defy the undoubted supervisory control which the association possesses to enable it to maintain uniformity in the beautification of the cemetery and for other purposes. Frank v. Clover Leaf Park Cemetery Ass'n, supra.
We hold that the contention of appellant that the decision in Pennsylvania R. Co. v. Fucello, supra, is controlling, is without merit. In the Fucello case the original entry was with the permission of the owner of the property; not so in the case at bar.
We hold also that there is no merit in appellants' contention that the subsequent entry on other portions of the cemetery lands, after the association's representative forbade the defendants so to do, is excusable by reason of the circumstances surrounding the original entry at the highway.
However, in the case at bar it is apparent from the record that the complaints on which it is sought to base the convictions are fatally defective. They fail to designate the property over which it is alleged the trespass occurred; its location is undefined; no specific act of trespass is charged; no statement identifying the owner of the land appears; in fact the complaints contain no reference of any kind to the Graceland Memorial Park Association. On argument of the appeal counsel for the State conceded that the complaints lacked these important and necessary elements. It was urged, however, that the defects in the complaints had not been the subject of objection before the lower tribunals nor on this appeal. This fact cannot avail the State. State v. Algor, 26 N.J. Super. 527 (App. Div. 1953); R.R. 1:5-1(a); R.R. 2:5. The necessity for such specifications in complaints of this type is basic. Their absence renders the complaints nugatory and convictions based thereon cannot stand. Town of Belleville v. Kiernan, 39 N.J. Super. 480 (App. Div. 1956).
By reason thereof the judgment of the Union County Court of June 19, 1957, affirming the convictions of defendants in the Municipal Court of the Borough of Kenilworth, is reversed.