KERNAN & CO., INC., Plaintiff, *v.* JOSEPH SMITH and THE STANHOLD CO., INC., Defendants.

KERNAN & CO., INC., Plaintiff, *v.* JOSEPH SMITH and THE STANHOLD CO., INC., Defendants.

City Court of New York, May 16, 1925.

**Brokers — real estate brokers — action by real estate brokerage corporation to recover commissions — contract predicated upon letter addressed to agent having no license individually to act as broker under Real Property Law, § 440-a — plaintiff corporation, which said agent represented, possessed license pursuant to said statute and is entitled to commissions — agent acted in representative capacity within meaning of Real Property Law, § 441-b, subd. 2.**

A real estate brokerage corporation is entitled to recover commissions, though the letter upon which the contract was predicated was addressed to one of plaintiff's agents who had no license, individually, to act as a real estate broker pursuant to section 440-a of the Real Property Law, where a license had been issued to said corporation reciting that it was represented by the aforesaid agent, since in making the contract and performing under it, said agent acted for the corporation in such a representative capacity as is contemplated by subdivision 2 of section 441-b of the Real Property Law. The fact that the contract sued upon was addressed to the agent, individually, does not make the transaction an individual one, since the evidence discloses that the agent acted as a representative of the corporation.

ACTION by real estate broker to recover commissions.

*Emmet, Marvin & Roosevelt*, for the plaintiff.

*Godfrey & Marx*, for the defendants.

McKEE, J.:

The jury has found a verdict herein for the plaintiff in an action for brokerage commissions. The letter which constituted the contract upon which the plaintiff relied was addressed to Redmond F. Kernan, Jr. At the time of the making of the contract Redmond F. Kernan, Jr., individually had no license to act as a real estate broker pursuant to section 440-a of the Real Property Law (added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579). A license, however, had been issued to Kernan & Cronce, Inc. (the immediate predecessor of the plaintiff corporation), the said license containing the provision, " to be represented by Redmond F. Kernan, Jr." The defendants have moved to set aside the verdict and dismiss the complaint on the ground that Redmond F. Kernan, Jr., was not a licensed broker pursuant to section 440-a of the Real Property Law, and could not recover (§ 442-e, added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579); that the work sued for was done by Kernan as an individual, and that he having no cause of action could give none to the plaintiff. If the plaintiff is to recover it must be on the proof that in making the contract and performing under it Redmond F. Kernan, Jr., was representing Kernan & Cronce, or its successor, the plaintiff corporation. If Redmond F. Kernan, Jr., did not so act, but was acting as an individual, he was not a licensed broker and, therefore, cannot maintain this action nor can the plaintiff herein derive that right from him. It is contended by the plaintiff that even if Kernan had acted in an individual capacity he could recover, since under the license issued to Kernan & Cronce, Inc., Kernan was *ipso facto* a licensed broker. There is no justification in the law for this contention. Subdivision 2 of section 441-b (added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579) reads as follows: " Corporations and copartnerships. If the licensee be a corporation, the license issued to it shall entitle the president thereof, or such other officer as shall be designated by such corporation, to act as a real estate broker. For each other officer who shall desire to act as a real estate broker in behalf of such corporation an additional license shall be applied for and issued, as hereinbefore provided, the annual fee for which shall be but one-half the annual fee required by this section for the original license to the corporation. No license as a real estate salesman shall be issued to any officer of a corporation nor to a member of a copartner-

ship licensed as a real estate broker. If the licensee be a copartnership the license issued to it shall entitle one member thereof to act as a real estate broker, and for each other member of the firm who desires to act as a real estate broker an additional license shall be applied for and issued, as hereinbefore provided, the annual fee for which shall be but one-half the annual fee required by this section for the original license to the copartnership." The first sentence of that subdivision makes a person a licensed broker only in so far and so long as he acts in a representative capacity. What the intention of the Legislature was can be seen from the following words contained in the same subdivision: " For each *other* officer who shall desire to act as a real estate broker *in behalf of such corporation* " (italics ours). Brokers licensed under this subdivision are so licensed, therefore, only when they act in behalf of the corporation. The question then resolves itself into this: Did Kernan act in a representative capacity? While the contract sued upon was addressed to Kernan individually, I do not feel that this of itself makes it the transaction of the individual solely. He acted as a representative or as an individual according to his intention so to act. That intention can be interpreted only by his acts. The testimony shows that the defendant paid part of the commissions by check to the corporation, and there is further testimony by Kernan that he acted " as the representative of Kernan & Company." While the contract ran to the individual it is not conclusive, since an agent frequently contracts in his own name for a principal to be disclosed later. (*Milliken* v. *Western Union Telegraph Co.,* 110 N. Y. 403; *Briggs* v. *Patridge,* 64 id. 357.) The assignment of the claim to the corporation by Kernan, which assignment was pleaded and proved, does not show any indication of Kernan's intention to act as an individual, since the action is brought not on the assignment, but on a contract of employment entered into by Kernan & Co. and the defendant. Had the action been brought on the assigned claim theory there is no doubt that the plaintiff could not recover. However, the pleading and proof of the assignment does not run counter to the contention of Kernan that he was acting in his representative capacity, but rather upholds the plaintiff's contention that Kernan acted as an individual for an undisclosed principal, since the defendant, without knowledge of the assignment and relying upon the fact that the offer was addressed to Kernan individually, might have refused to pay the plaintiff. For these reasons I feel that the verdict should not be disturbed. The defendants' motions to set aside the verdict and to dismiss the complaint are denied, with exceptions to the defendants. Ten days' stay; thirty days to make a case.