HOWARD, Appellant, vs. HEINIG and others, Respondents.

*September 16—October 12, 1926.*

*Brokers: Who is real-estate broker: Person hired to supervise sale of cemetery lots: Pleading: Construction on demurrer.*

1. If a complaint, construed most favorably to the pleader, states any cause of action entitling the plaintiff to relief, a demurrer *ore tenus* should be overruled. p. 168.
2. One hired on a commission basis to put on a sales campaign to sell cemetery lots, whose duty was to arrange for advertising and hire salesmen to sell the lots at fixed prices, was not required to have a real-estate broker's license, under sec. 136.01, Stats. p. 170.
3. The allegations of the complaint in this action, construed favorably to the plaintiff, are *held* to state a cause of action. p. 170.

APPEAL from a judgment and an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

This cause was begun by the plaintiff to recover compensation for certain services performed for the defendants relating to the sale of lots in Pinelawn cemetery. The case having been brought on for trial, the defendants demurred to the reception of any evidence for the reason that the complaint did not state facts sufficient to constitute

a cause of action. The demurrer *ore tenus* was sustained and judgment entered dismissing the plaintiff's complaint. Judgment was entered December 16, 1925, and upon January 9, 1926, the plaintiff made application to the court to set aside the judgment and for leave to file an amended complaint, which was denied by order dated January 21, 1926. The appeal is from the judgment and order.

*Arthur Breslauer,* attorney, and *Benjamin Poss,* of counsel, both of Milwaukee, for the appellant.

*Albert M. Kelly* of Milwaukee, for the respondents.

ROSENBERRY, J. The plaintiff contends that the judgment is erroneous: first, because the interest acquired in a cemetery lot is not an interest or estate in real estate; and second, that if such interest be considered as an interest or estate in real estate, the plaintiff was not a broker within the statutory definition employed in sec. 136.01, Stats., part of the chapter entitled "Wisconsin Real Estate Brokers Board."

The material allegations of the complaint, after setting out the relationship of the parties and the capacities in which they acted and matters of inducement, are:

"That said defendant *Charles F. Heinig,* in behalf of said defendants *Chas. F. Heinig Company* and *Pinelawn Cemetery Company,* engaged this plaintiff, on or about the 10th day of June, 1922, in the city of Chicago, Illinois, to put on a sales campaign for the disposition of all of said cemetery lots, agreeing with this plaintiff upon the price each lot should be sold for and agreeing to pay this plaintiff as remuneration for his services seven and one-half per cent. (7½ %) of the price of each lot to be sold under said plaintiff's supervision, plaintiff to have the right to supervise the sale of all lots in said cemetery."

That, relying upon the promises of said defendant *Charles F. Heinig,* plaintiff spent some time in the city of Chicago getting up advertising material; that subsequently plaintiff came to Milwaukee, hired salesmen, and organ-

ized a sales force; that on July 10, 1922, the selling of lots was commenced under the supervision of the plaintiff; that this continued up to August 14, 1922, when 366 cemetery lots had been sold; that on or about said date the defendants breached their agreement by discharging the plaintiff without cause, provocation, or excuse, although plaintiff at all times was ready, able, and willing to continue. There was a second cause of action in which the facts were set out in *quantum meruit*.

The material part of sec. 136.01 is as follows:

"(2) 'Real-estate broker' means any person, firm or corporation, not excluded by subsection (3) [relating to receivers, public officers, bankers, etc.] of this section, who, for another, and for commission money or other thing of value:

"(a) Sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an interest or estate in real estate."

Do the facts alleged bring the plaintiff within this definition of real-estate broker? Every intendment is to be taken in favor of the pleader, especially upon a demurrer *ore tenus,* and if the complaint, construed most favorably to the pleader, states any cause of action entitling the plaintiff to relief, the demurrer should be overruled. It appears from the complaint that the plaintiff was engaged by the owners of certain cemetery lots to put on a sales campaign for the disposition of these lots; that he was to have the right to supervise the sale, and that in the performance of his duties he spent time in getting his advertising material, hired salesmen, and organized a sales force. Does this amount to offering for sale or attempting to negotiate a sale of an interest in real estate, assuming for the purposes of this discussion that an interest in a cemetery lot is an interest in real estate, a question which we do not now decide? The character of the advertising material prepared and published does not appear from the complaint, nor is it

alleged that he was expected to or did solicit prospective purchasers nor that he was expected to or did close any sales. It is certainly not unreasonable to say that under the allegations of the complaint the plaintiff was employed to perform a particular service for the defendants. The mere fact that such service had to do with sales of cemetery lots by the plaintiff does not of itself show that he was selling or offering for sale or attempting to negotiate a sale himself. There is no allegation that the salesmen were hired by the plaintiff for himself. A proper and fair inference is that they were hired by the plaintiff for the defendants and their compensation was to be paid by their employer. Under his contract the plaintiff could no doubt obligate the defendants to pay for the insertion of advertisements in periodicals or placing advertising matter upon billboards and other ways of bringing the merits of the property to be sold to the attention of the public generally. He might employ for the defendants such persons as he thought wise and in the interest of the plaintiff who would do the actual soliciting. In such soliciting such salesmen did not represent the plaintiff,—they represented the defendants even though he was by his contract to furnish them instructions. He was not to negotiate a sale, the price was fixed by the defendants. He was to perform a distinct function in a process which was expected to result in the sale of cemetery lots, but this did not make him a broker within the meaning of the statutory definition. He was not an independent contractor employed to bring about or negotiate for a sale in such manner as he chose, but to do for the defendants certain things which would enable others to procure a sale. Nor was the thing which he was engaged to do—to put on an advertising campaign and organize a sales force—illegal. Whether the men employed by him were required to have a license either as real-estate brokers or real-estate salesmen is a question not now before us.

Under the allegations of the complaint, construed favorably to the pleader, a cause of action is stated against the defendants. As sales manager and director of the sales force the plaintiff was not offering for sale or negotiating the sale of defendants' property and was therefore not required to be a licensed real-estate broker. The fact that gross sales were made the basis for determining the amount of plaintiff's compensation does not alter the legal relation of the parties.

It is not necessary for us to determine now the nature of the interest which a person acquires by purchase of a lot in a cemetery. It is a difficult and vexed question upon which the courts are greatly divided. It is not necessary for us to name the existing relationship. Whether plaintiff was a servant employed to perform a particular service or an agent with power to bind his principal, or partly a servant and partly an agent, is immaterial. The performance of his contract did not bring him within the statute and his contract was therefore valid. We do not find it necessary to consider the appeal from the order.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for further proceedings according to law.