WALTER R. STOUT, Respondent, *v.* WILLIAM KENNELLY, INCORPORATED, Appellant.

Second Department, November 5, 1926.

Brokers — real estate brokers — action to recover one-half of commissions earned by defendant in sale of certain real property — plaintiff alleges agreement by defendant to pay one-half of commissions if plaintiff procured owner to engage defendant to make sale — plaintiff is not within Real Property Law, §§ 440, 442, 442-d, prohibiting splitting of commissions except with licensed broker — plaintiff's contract did not relate to sale of real property.

The plaintiff brought this action to recover one-half of the commissions earned by the defendant in the sale of certain real property, basing his claim on an alleged agreement whereby the defendant agreed to pay plaintiff one-half of the commissions earned on the sale of certain property if the plaintiff would procure the owner thereof to engage the defendant to act as broker. The

25

contention by the defendant that the plaintiff is prohibited from recovering one-half of the commissions by sections 440 and 442 of the Real Property Law (added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579), and by section 442-d (as renum. and amd. by Laws of 1926, chap. 831) in that he was not a licensed real estate broker or salesman at the time the contract was made, cannot be sustained, for the contract on which the plaintiff is seeking to recover has no relation to the sale of real property, but is a contract merely for the procuring of employment by the defendant through the efforts of the plaintiff.

APPEAL by the defendant, William Kennelly, Incorporated, from an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 9th day of September, 1926, denying defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*William Burr DeLacy* [*Bertram L. Kraus* with him on the brief], for the appellant.

*Moses Cohen* [*Emanuel Fichandler* with him on the brief], for the respondent.

YOUNG, J. The point raised is whether the complaint is defective for failure to allege that plaintiff was a licensed real estate broker under the provisions of article 12-A of the Real Property Law.

The complaint states as follows:

" *First.* Upon information and belief that at all the times hereinafter mentioned the defendant was and now is a domestic corporation, organized and existing under the laws of the State of New York.

" *Second.* That on or about the 5th day of March, 1926, the plaintiff and defendant entered into an agreement, wherein and whereby it was agreed that the defendant employ the plaintiff to obtain the employment of the defendant to conduct an auction sale of certain real property located at Center Island, Oyster Bay, New York, and owned or controlled by one Breightson.

" *Third.* That in consideration of the services so to be rendered in obtaining the employment of the defendant to conduct said auction sale, defendant promised and agreed to pay the plaintiff one-half of the net commissions which said defendant would earn in conducting said auction sale.

" *Fourth.* That thereupon the plaintiff entered into the employment of the defendant for the purpose aforesaid, and did procure the employment of the defendant to conduct said auction sale.

" *Fifth.* That thereafter the defendant did conduct an auction sale of said real estate located at Center Island, Oyster Bay, New York, for the said Breightson.

" *Sixth.* Upon information and belief the defendant received or earned as commissions for conducting the said sale the sum of $21,500.

" *Seventh.* That by reason of the premises plaintiff became entitled to receive one-half of said sum, to wit, $10,750.00."

The provisions of the Real Property Law applicable are as follows:

" § 440. Definitions. Whenever used in this article ' Real estate broker ' means any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate, or negotiates, or offers or attempts to negotiate, a loan secured or to be secured by a mortgage or other incumbrance upon or transfer of real estate.

" ' Real estate salesman ' means a person employed by a licensed real estate broker to list for sale, sell or offer for sale, to buy or offer to buy or to negotiate the purchase or sale or exchange of real estate, or to negotiate a loan on real estate, or to lease or rent or offer to lease, rent or place for rent any real estate, for or in behalf of such real estate broker. * * *

" § 442. Splitting commissions. No real estate broker shall pay any part of a fee, commission or other compensation received by the broker to any person for any service, help or aid rendered, in any place in which this article is applicable, by such person to the broker in buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate, unless such a person be a duly licensed real estate salesman regularly employed by such broker or a duly licensed real estate broker or a person regularly engaged in the real estate brokerage business in a State outside of New York. * * *

" § 442-d. Actions for commissions; license prerequisite. No person, copartnership or corporation shall bring or maintain an action in any court of this State for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate without alleging and providing [proving] that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose."

Until May 11, 1926, and when the cause of action arose herein pursuant to the alleged agreement, present section 442-d of the Real Property Law was section 442-e of said statute (added by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579). It was renumbered and amended by chapter 831 of the Laws of 1926

prior to commencement of action herein. When the agreement herein was made the sections of the statute above quoted were contained in chapter 672 of the Laws of 1922, as amended by chapter 579 of the Laws of 1924. The phraseology of the then existent statute is substantially the same as that of the present statute under the amendment made by chapter 831 of the Laws of 1926. The changes are immaterial to the present case.

The appellant contends that in selling the real estate in question at auction it acted as a real estate broker, and that the allegations of the complaint in effect state that plaintiff aided defendant in selling said property and that he consequently cannot recover for his services so rendered without alleging he was a licensed broker or salesman at the time.

In my judgment, this argument cannot be sustained for the reason that the complaint does not allege any act on the part of the plaintiff connected in any way with the selling of the property in question by the defendant. It is not alleged that the plaintiff aided the defendant in selling any real estate. The complaint states an agreement between the plaintiff and the defendant whereby the plaintiff was engaged by the defendant to secure the employment of the defendant to conduct an auction sale of certain real estate. This service rendered by the plaintiff was entirely outside and foreign to the service described in sections 440 and 442 of the Real Property Law, above referred to. The plaintiff rendered no aid to the defendant in actually selling the property. What he did was to procure the job for the defendant to sell the property.

For this reason the motion was correctly decided at Special Term, and the order appealed from should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur.

Order denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements.