WALTER SIEMIASZ, Respondent, v. SAMUEL LANDAU and EDWARD L. KEELY, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to appellants to abide event, on the ground that the jury went outside of the evidence and the charge and considered improper matters in arriving at its verdict. All concur. Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ.

EDWARD SCHMIDT, Individually and as Trustee under the Last Will and Testament of THERESA STEFFAN, Deceased, Appellant, v. ROSE A. KING, as Cotrustee under the Last Will and Testament of THERESA STEFFAN, Deceased, and Others, Respondents.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

VICTORIA GIELINSKI, Individually and as Administratrix, etc., of ROZALIA GIELINSKI, Deceased, and Others, Respondents, v. ALBERT BAYER and Others, Defendants. GUS LAYMAN and JULIUS WEIL, Appellants.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

ROBERT A. BADGER and Others, Respondents, v. SCOBELL CHEMICAL COMPANY, INCORPORATED, and Others, Appellants.— Judgment and order affirmed, with costs. All concur, except Crouch and Taylor, JJ., who dissent and vote for reversal upon the following grounds: 1. That by bringing this action for specific performance as well as an action at law to recover salary, plaintiffs, with full knowledge of all the facts, proceeded in affirmance of the contract and should be held to the remedy thus elected. There having been no change in the situation between the commencement of the action and the time when the motion to amend was made, the motion should have been denied. In *Russell H. & I. M. Co.* v. *Utica D. F. & T. Co.* (195 N. Y. 54), an action for specific performance, a judgment rescinding the contract was granted under the prayer for general relief. The distinction between that case and this, however, was clearly pointed out. " There would be," said the court (p. 59), " some force in the argument that the plaintiff should be held to the remedy, which he had elected to pursue, if, upon reaching the trial of the issues, the situation had not been changed by the conduct of the defendant, from what it was when the complaint was framed and served." The remedy by way of rescission was granted only to meet a new situation created by the conduct of the defendant after action brought. That is not so here. 2. That no ground for rescission was pleaded or proven. While fraud in equity is a flexible term, it seems difficult to apply it to the acts of this defendant. The parties entered into an agreement which is claimed to have been breached. Because of the nature of its subject-matter equity might decree specific performance. But to us there appear to be no facts which, under equitable principles, require the destruction of the contract by way of remedy. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

SOPHIA COONS, as Administratrix of ARTHUR P. COONS, Deceased, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.