**P. W. CHAPMAN & CO., Inc., v. CORNELIUS.**

No. 187.

Circuit Court of Appeals, Second Circuit.
March 3, 1930.

White & Case, of New York City (Vermont Hatch and Thomas Kiernan, both of New York City, of counsel), for defendant-appellant.

Albert M. Lee, of New York City (Arthur Ofner, and J. George Levy, both of New York City, on the brief), for plaintiff-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

In its nearest approach to the definition of a real estate broker contained in section 440 of the statute (Consol. Laws N. Y. c. 50), the plaintiff's conduct should be regarded with reference to an attempt to negotiate, for a fee or commission, a loan to be secured by mortgage on real estate. Unless what he did falls within that phase of the statute; his suit is not affected by its provisions. Furthermore, the law applies only if it is to be construed broadly enough to cover simply calling the defendant's attention to a prospective piece of financing and supplying it with all desired information regarding the property for the purchase of which the financing was contemplated. This is all the plaintiff did and all that he was promised his commission for doing.

To attempt to negotiate a loan, the plaintiff must at least have tried to bring about a loan by treating with or in behalf of somebody with a view to coming to an agreement upon some or all of the terms of the loan. Yet he did not try to agree with any one or to have any one agree upon the terms of any loan. He only put the defendant in possession of facts it wanted to enable it to decide whether it would be worth while for it to negotiate for any financing which might be involved in the sale of the building. He had no more to do with a loan than the plaintiff in Stout v. Kennelly, Inc., 218 App. Div. 385, 218 N. Y. S. 259, had to do with a sale. See, also, Shaffer v. Beinhorn, 190 Cal. 569, 213 P. 960, and Howard v. Heinig, 191 Wis. 166, 210 N. W. 414. And, for the difference between finding business for others to do and acting as a broker in doing the business, see Knauss v. Gottfried Krueger Brewing Co., 142 N. Y. 70, 36 N. E. 867. This license law was considered in Weingast v. Rialto Pastry Shop, Inc., et al., 243 N. Y. 113, 152 N. E. 693, where it was pointed out that the failure to procure a license is made criminal and the statute should not be extended by implication. Compare Reichardt v. Hill (C. C. A.) 236 F. 817.

We have taken no pains to distinguish the underwriting of a bond issue from a loan, as we are not of the opinion that the plaintiff attempted to negotiate either. Nor have we considered what merit, if any, there is in the plaintiff's claim of exemption as an attorney at law not admitted to practice in the state of New York.

Judgment affirmed.