MARTIN VON OEHSEN and FRIEDA VON OEHSEN, Respondents, v. EDWARD L. BARTLEY, Appellant, and Others, Defendants.— Order granting plaintiff's motion for judgment on the pleadings under rule 112 reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The issues of fact raised by the denials contained in the answer precluded granting this motion. This is so irrespective of whether or not the affirmative defenses were sufficient or insufficient; there being no motion specifically directed to these defenses and counterclaim, as such, apart and distinct from the motion directed to the answer as an entirety, which contained these denials and raised questions of fact for a trial. Such a trial could have been speedily had under the Kings County Special Term rules, the following of which would have made unnecessary this abortive motion and would have avoided this appeal. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

CATHERINE WELCH, Respondent, v. DONALD D. WELCH, Appellant.* — Judgment modified by striking out the provision thereof which dismisses defendant's counterclaim on the merits and by providing in place thereof that the counterclaim be dismissed, and, as so modified, the judgment is unanimously affirmed, without costs. (Matter of Crandall, 214 App. Div. 363; Matter of Haffner, 254 N. Y. 238.) Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

THE EMIGRANT INDUSTRIAL SAVINGS BANK, Plaintiff, v. SCOTT'S BRIDGE REALTY Co., INC., and Others, Defendants. FRANCIS M. FALLON, Receiver, Appellant; MOUNT VERNON TRUST COMPANY, Respondent. EDNA LAYMAN, an Infant, by JAMES LAYMAN, Her Guardian ad-Litem, Respondent, v. ALLEGI & LORING, INC., and Others, Defendants. THE MOUNT VERNON TRUST COMPANY, Appellant. MOMCLAY, INC., Plaintiff, v. WILLIAM J. CAMPBELL and Others, Defendants. ELEANOR SIEGEL, Receiver, Appellant, v. THE MOUNT VERNON TRUST COMPANY, Depository, Respondent.— Motion granted restraining the Mount Vernon Trust Company, its successors, reorganizers, Superintendent of Banks or his representative from taking any proceedings or doing any act purporting to affect the receivers or guardian in the above-entitled actions, or doing anything to their prejudice in respect of their claims or judgments against the defendant Mount Vernon Trust Company until five days respectively after the decision of the Court of Appeals in each of the above cases. This will permit these receivers and guardian during the five-day period, if the decision in either or all of these cases be adverse to the receivers or the guardian, or either of them, to decide whether or not they wish to participate or co-operate with the individuals restrained. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

FLORENCE C. WALTERS, Appellant, v. HARRY BROWN, Respondent.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for the February term (for which term the case is set down) and be ready for argument when reached, and upon the further condition that appellant pay respondent twenty dollars costs within five days from service of a copy of the order herein; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.