Louis WADE and Others, Plaintiffs, v. MARIE F. BIGHAM, Individually and as Administratrix, etc., of DELIA A. WADE, Deceased, Defendant.

Supreme Court, Special Term, Queens County, March 30, 1942.

*Thomas A. Duffy*, for the plaintiffs.

*John R. McMullen* and *Faine M. McMullen*, for the defendant.

FENNELLY, J. This is a motion made by plaintiffs for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The action is for the partition of real estate.

On December 29, 1937, Delia A. Wade died intestate, leaving her surviving the three plaintiffs and the defendant, Marie F. Bigham, sued herein individually and as administratrix of the estate of said decedent. On September 23, 1941, letters of administration on said estate were duly issued to said Marie F. Bigham.

The answer herein denies those paragraphs of the complaint that allege that the plaintiffs and the defendant individually are seized in fee of the property in question as tenants in common, and that each of them has an undivided one-quarter part therein. The issues of fact raised by these denials in themselves would preclude the granting of this motion in plaintiffs' favor. (*Von Oehsen* v. *Bartley*, 241 App. Div. 619.)

In addition to these denials, three separate defenses have been interposed, one of which alleges that this court has no jurisdiction, inasmuch as jurisdiction had already been assumed by the Surrogate's Court prior to the commencement of this action, it being alleged that on March 31, 1941, the defendant petitioned for letters of administration for the purpose of bringing a proceeding to lease or sell the property in question, under article 13 of the Surrogate's Court Act; that said petition was granted, and the defendant entered upon the performance of her duties; that the same parties, the same subject-matter, and the same relief are involved in the sale of property through the Surrogate's Court as are involved in this action.

The legal sufficiency of these defenses has not been specifically challenged in this motion (see *Von Oehsen* v. *Bartley, supra*), and upon a motion of this character the party moving admits the truth of the fact allegations contained in the pleading attacked.

This court undoubtedly has jurisdiction to entertain this action. The Surrogate's Court, however, in which the proceedings to

administer and effect a distribution of the estate of Delia A. Wade, deceased, was first commenced, has full power to accomplish everything that could be accomplished in this partition action.

Section 123 of the Decedent Estate Law provides: " The administrator of a decedent who dies after the thirty-first day of August, nineteen hundred and thirty, shall have power to take possession of the real property of such decedent, and any interest therein, and to manage the same and to collect the rent thereof. Such administrator may sell, mortgage or lease the same subject to the limitations and in the manner authorized by the provisions of article thirteen of the Surrogate's Court Act."

The purposes for which the sale of real property of a decedent may be authorized by the surrogate are specified in seven subdivisions of section 234 of the Surrogate's Court Act. Subdivision 6 thereof permits a sale for purposes of distribution either prior to or upon the accounting, and subdivision 7 " for any other purpose deemed by the surrogate to be necessary." Under the provisions of section 236 of the Surrogate's Court Act the proceedings may be initiated not only by the administrator but by any person interested.

Bradford Butler, in section 1536 of volume 2 of his work " New York Surrogate Law and Practice," says of section 234 of the Surrogate's Court Act: " * * * these several purposes are properly classifiable under two distinct categories, * * * first, sales for the purpose of supplying funds for the solution of obligations of the decedent or his estate to third persons; and, second, sales for purposes of liquidation only, where no claims of third parties are involved, and the object is merely to transform this variety of property into cash for its more convenient distribution to the persons who are entitled to share beneficially in the estate assets. In this aspect, it is merely in substitution for the far more cumbersome and expensive proceedings for partition which is maintainable in courts of general jurisdiction."

To the same effect see section 259, page 378, volume 3, of Warren's Heaton on Surrogates' Courts, sixth edition, where the author says: " It seems clear under the present statute, especially since the distinction between real and personal property so far as distribution is concerned has been abolished, a sale for the purpose of distribution can be had without any showing as to the personal estate. To a very large extent this provision was inserted in the statute for the purpose of avoiding the expense of a partition action."

In referring to this provision the New York State Commission to Investigate Defects in the Laws of Estates, 1930, Report, at page 89 thereof, says: " The commission believes that this method

for the disposition of real estate will expedite the distribution of an estate and avoid complicated and expensive real estate proceedings or actions for partition."

In *Schley* v. *Donlin* (131 Misc. 208), in an action to determine the validity of and to enforce rights arising from a contract to dispose of an estate by will, and where jurisdiction was first had in the Surrogate's Court, the Supreme Court granted a stay until the Surrogate's Court determined if it had sufficient equitable jurisdiction to give complete relief in the matters involved.

In *Noll* v. *Ruprecht* (256 App. Div. 926; affd., 282 N. Y. 598) the Appellate Division in the Second Department, in an action to remove testamentary trustees, granted a motion under rule 113 of the Rules of Civil Practice, dismissing the complaint on the ground that although it had jurisdiction it would not retain the same but would leave the determination of the issues to the specialized jurisdiction of the Surrogate's Court.

This motion is before me with authority under rule 112, to grant judgment for either plaintiffs or defendant.

The plaintiffs' motion for judgment is denied and judgment is granted in favor of the defendant dismissing the complaint.