ROSE SOCKEL, Respondent, *v.* DEGEL YEHUDO CEMETERY CORPORATION OF NEW JERSEY, Appellant, et al., Defendants.

First Department, June 28, 1944.

*Julius L. Pines* for appellant.

*Joseph H. Robins* of counsel (*Abraham I. Simon,* attorney), for respondent.

COHN, J. Appellant, the owner of a cemetery, engaged respondent as a broker to sell burial plots and agreed to pay respondent a specified commission. Respondent, who is not a licensed broker or an employee of appellant, brought about the sale of several lots and has recovered a judgment in the Municipal Court for commissions. From an affirmance of that judgment by the Appellate Term, this appeal is taken.

The appeal is limited to one issue of law, namely, whether a real estate broker's license is required under section 440 *et seq.* of the Real Property Law to recover commissions for the sale of cemetery plots.

Section 440 of the Real Property Law states that a " ' real estate broker ' means any person  *  *  *  who, for another and for a  *  *  *  commission  *  *  *  attempts to negotiate a sale,  *  *  *  exchange, purchase or rental of an estate or interest in real estate  *  *  *." The words " real estate " in legal signification include all interests in land and are used as coextensive in meaning with lands, tenements and hereditaments. (*Fifth Avenue Building Co.* v. *Kernochan,* 221 N. Y. 370, 374.) The purchaser of a burial plot does not acquire a title in fee simple but ordinarily is regarded as acquiring only an easement or license to make interments in the lot purchased so long as the lot remains a cemetery. (*Buffalo City Cemetery* v. *City of Buffalo,* 46 N. Y. 503; *Went* v. *Methodist Protestant Church,* 80 Hun 266, affd. on opinion below 150 N. Y. 577.) Nevertheless the title which the lot owner obtains by his purchase is unquestionably an estate or interest in real estate. (*Daniell* v. *Hopkins,* 257 N. Y. 112, 117; *Matter of Empire Monument Company* v. *Lewis,* 252 App. Div. 301, 302, affd. 277 N. Y. 648; *Oatka Cemetery Association, Inc.,* v. *Cazeau,* 242 App. Div. 415, 417; *Clarke* v. *Keating,* 183 App. Div. 212, 214.)

A jury has found that respondent performed the services required of her by appellant. However, under the provisions of the statute she is barred from recovering for those services because of her failure to possess a license as a real estate broker. Though the result may be a harsh one for respondent, the statute compelling real estate brokers to be licensed is in the public interest. In sustaining the constitutionality of the statute (Real Property Law, art. 12-A) upon the ground that the Legislature had a wide discretion in determining whether a business or occupation should be barred to the dishonest or incompetent, the Court of Appeals in *Roman* v. *Lobe* (243 N. Y. 51) in an opinion by CARDOZO, J., made the following pertinent observation (p. 54) : " The real estate broker is brought by his calling into a relation of trust and confidence. Constant are the opportunities by concealment and collusion to extract illicit gains. We know from our judicial records that the opportunities have not been lost. With temptation so aggressive, the dishonest or untrustworthy may not reasonably complain if they are told to stand aside." We think this language applies to persons who are engaged as brokers in the business of buying and

selling cemetery plots. The very nature of the interest dealt in requires that brokers who sell such interest in real estate should be trustworthy and that their conduct should be subject to the rigid official supervision authorized by statute. (Real Property Law, §§ 440-a, 441-c, 442, 442-e.)

The determination of the Appellate Term, and the judgment and the order denying the motion to set aside the verdict and for a new trial, entered in the Municipal Court should be reversed and the complaint dismissed, with costs to the defendant-appellant in all courts.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Determination of the Appellate Term, and the judgment and the order denying the motion to set aside the verdict and for a new trial, entered in the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant-appellant in all courts.