VIOLET C. MONTGOMERY, Individually and as Executrix of M. M. MONTGOMERY, Deceased, Plaintiff, *v.* EAST RIDGELAWN CEMETERY, Defendant.

Supreme Court, Special Term, New York County, February 26, 1947.

*Murray A. Harris* for defendant.

*Jay Leo Rothschild* and *Sidney H. Koblentz* for plaintiff.

SHIENTAG, J. This is a motion by defendant for an order dismissing the complaint on the merits and for summary judgment in favor of defendant. This action is brought by the plaintiff in a dual capacity as individual and as executrix under her deceased husband's last will and testament. There are three causes of action. All three causes of action seek to recover commissions on the sale of burial privileges in defendant's cemetery located at Delawanna, New Jersey. The complaint alleges a contract between the parties, which is attached to and made part of the complaint. Neither the plaintiff nor her deceased husband was licensed as a real estate broker or salesman in the States of New York or New Jersey.

Motion to dismiss the complaint is based on the ninth and tenth defenses, which are the only ones to be considered on this motion. They pleaded that the plaintiff, neither as an individual nor as executrix, nor her deceased husband, was a licensed real estate salesman in New York or New Jersey, and that the fact that they were unlicensed prevents any recovery for any commissions for any services rendered.

In this State it has been held (*Sockel* v. *Degel Yehudo Cemetery Corp.*, 268 App. Div. 207) that the purchaser of a burial lot or a grave does not acquire a title in fee simple but ordinarily he is regarded as acquiring only an easement or license to make interments, but that the title which he obtains by his purchase is an estate or interest in real estate. In that case the plaintiff, failing to have a license, was held not entitled to recover commissions. (See, also, *Natowitz* v. *Niagara Falls Memorial Park Cemetery Assn.*, 235 App. Div. 656.)

The Revised Statutes of the State of New Jersey controlling real estate brokers' and salesmen's licenses forbid the engaging in the business, directly or indirectly, of being a real estate broker, temporarily or otherwise, without being licensed,

and a real estate broker for the purposes of this article is defined (45:15-3) as " * * * a person, firm or corporation who, for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of real estate or an interest therein, or collects or offers or attempts to collect rent for the use of real estate * * *."

Plaintiff claims that an analysis of the contract indicates that defendant was desirous of selling lots, graves and interments in its cemetery; that the deceased Montgomery had certain plans and contacts for the disposal of such lots, graves, plots and interments; that defendant agreed that it would execute and deliver to any person to whom Montgomery should direct it to deliver, subject to the rules and regulations of the cemetery, a deed or certificate of right of burial upon receipt of a specified sum. The certificate says that what was disposed of was the "exclusive right of permanent interment." Montgomery was not described in terms as a broker nor his transactions as those of brokerage, but the defendant agreed to give interment rights as Montgomery should direct it to deliver. Defendant agreed to make improvements on the cemetery. Defendant provided complete interment services with provision for an additional charge for further interments in the same lot. Of the sum received by the defendant, a specified portion was to be kept by it, part of the balance was to be paid to Montgomery and a portion of the price was to be set aside for perpetual care.

This would indicate that more than the mere right to burial was to be disposed of by Montgomery's negotiations. Defendant agreed to provide Montgomery with literature and advertising material of the cemetery at defendant's own cost and expense. Montgomery agreed to use his best efforts to sell lots and promote the interests of the East Ridgelawn Cemetery under the terms of the agreement.

The complaint shows that the Montgomerys were bound to do much more in the way of services to the defendant than is concerned with the mere sale of real estate. They were promoting the cemetery's interests in every way. It is claimed that the deceased under his duties expended moneys for advertising the cemetery, that he erected a chapel at his own expense for the use of certain church denominations and their members, and conducted himself as a representative of the defendant rather than as a mere real estate broker. On this motion

the complaint and the contract and the statements in plaintiff's affidavit that Montgomery acted as representative solely for the defendant herein and did not conduct any activity for any organization but restricted himself solely to representation of the defendant, as well as Mrs. Montgomery's claims that she has acted similarly since her husband's death, raise questions of fact.

Whether the Montgomerys' services are of such a nature that they will be treated by the trier of the facts as mere brokers or whether they will be called promoters or representatives and come under the protection of other decisions which have held that under certain conditions real estate licenses are not necessary, must await trial (see *Cemetery Gardens, Inc.*, v. *Blueweiss*, 140 Misc. 608; *Stout* v. *Kennelly, Inc.*, 218 App. Div. 385; *Coufal* v. *Demertgsis*, 268 App. Div. 927).

Motion to dismiss the complaint is denied.