In the Matter of the Estate of ANNA SCHOPPERLE, Deceased.

Surrogate's Court, Westchester County, March 3, 1947.

*Richard H. Levet* for Kenneth C. Cole, Public Administrator, as administrator, petitioner.

*Prime Bros. & Duffy* for Margaret Hamm, respondent.

*William C. Young* for George W. Schopperle and another, respondents.

*Nathaniel L. Goldstein*, Attorney-General (*Louis E. Cooper* of counsel), for Harlem Valley State Hospital.

*Louis R. Warner*, Special Guardian for Frank Schopperle, an incompetent.

GRIFFITHS, S. The objections of the respondent Margaret Hamm are overruled and dismissed and the application to sell the decedent's realty at public or private sale for the purposes set forth in the petition is granted. Upon furnishing a bond in the amount to be fixed in the order to be made hereon the restrictions contained in the letters of petitioner will be removed to the extent necessary to permit him to receive the proceeds of such sale.

The objectant alleges, among other things, that heretofore and on December 18, 1946, she instituted in the Supreme Court an action for the partition and sale of the premises in question, representing that said action is now at issue. Counsel for objectant urges that since complete relief can be obtained in such pending Supreme Court action, the instant proceeding should be dismissed. Although the Supreme Court concededly has jurisdiction to grant the requested relief, the rule that where two courts have concurrent jurisdiction the first one assuming jurisdiction should retain it, to the exclusion of the other (*Schuehle* v. *Reiman*, 86 N. Y. 270, 273; *Evans* v. *Appell*, 211 App. Div. 105, affd. 240 N. Y. 585; *Cody* v. *Neid*, 213 App. Div. 846; *Schmidt* v. *King*, 222 App. Div. 712, affd. 247 N. Y. 578; *Matter of Vanderbilt*, 153 Misc. 884; *Matter of Bausch*, 270 App. Div. 418) is applicable. Petitioner's application for the issuance of letters of administration made June 7, 1945, antedated the institution of the partition action and constituted an initiation of a proceeding for the sale of decedent's realty. (*Wade* v. *Bigham*, 178 Misc. 305; *Matter of Wendland*, 35 N. Y. S. 2d 622.) Moreover, the completion of the proceedings in this court would be in accord with the objective sought to be achieved by the various revisions to the Decedent Estate Law and the Surrogate's Court Act that all matters pertaining to the administration of decedent's estates should be disposed-of, if possible, in the Surrogates' Courts. (Surrogate's Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Matheson*, 265 N. Y. 81.) This guiding principle is particularly applicable to the disposition of real estate in order to avoid the expense and delay incident to partition actions. (*Wade* v. *Bigham, supra; Matter of Wendland, supra*; 2 Butler on New York Surrogate Law and Practice, § 1536; 3 Warren's Heaton on Surrogates' Courts, § 259, p. 378; Report of New York State Commission to Investigate Defects in the Laws of Estates, 1930, p. 89.)

Settle order.