Irving H. Saypol, J.
In this case between Magoba and Smith, licensed corporate real estate brokers, the plaintiff has a, $21,875 jury verdict, representing one half the commission paid to the defendant on the sale of 305 East 45th Street, by its owner, Central Zone Property Corporation. The defendant *825 moves to set aside the verdict as against the evidence and to dismiss the complaint on the law.
The complaint originally included the corporate owner as codefendant. It alleges an agreement between Magoba and Smith to act as cobrokers to obtain a purchaser, an agreement between Smith and the owner to act as its broker, the consummation of a sales contract “ as a result of the combined efforts ” of the cobrokers for $3,400,000, payment of the full commission of $43,750 to the codefendant broker by the codefendant owner and demand from both defendants of one half of such brokerage commission amounting to $21,875. It is plainly an action for compensation for the negotiation and sale of real property.
The action was discontinued as to Central Zone Property Corporation before trial.
The amended answer is a general denial together with three affirmative defenses of which the first and second are material here; first, that the plaintiff may not recover because the cobrokerage agreement was invalid by reason of subdivision 2 of section 441-b of the Beal Property Law. Thus, the plan-tiff’s representative in the transaction, its president Arnold Gottlieb, was not the corporate officer entitled to act as real estate broker in its behalf so in effect the corporation’s acts were those of a nonlicensee. Second, because the plaintiff’s designated representative was its vice-president Louis Kahn, Gottlieb acted as an unlicensed broker in a transaction controlled by Personal Property Law (§ 31, subd. 10, as added by L. 1949, ch. 203, eff. Sept. 1, 1949), and since the agreement was oral, it violated the Statute of Frauds.
Before trial the defendant Smith moved for summary judgment pursuant to rule 113 of the Buies of Civil Practice, showing by its affidavits substantially those facts which were brought out at the trial that allegedly brought into being the agreement in suit. Invalidity of the brokerage agreement was urged according to the first and second defenses to show that there were no issues for trial, but the motion was denied [because] “ There are issues of fact presented which cannot be disposed of without a trial ”. (Magoba Management v. Central Zone Property Corp., N. Y. L. J., Feb. 28, 1956, p. 7, col. 7.)
The jury by its verdict has found on the conflicting testimony of Arnold Gottlieb against that of William H. McCarthy, vice-president of the defendant, that on October 11, 1954, McCarthy came to Magoba’s office, it being the managing agent of Central Zone’s building, and spoke to Gottlieb asking whether the building was for sale. Gottlieb replied that it was, whereupon McCarthy asked for particulars or information about the *826 building. Gottlieb answered, “ I will gladly do it, but you and Clayton Smith are brokers and so is the Magoba Management brokers. If you want to get all the particulars, if you want to split the commission with me on a fifty-fifty basis, I will give you everything that you desire.” McCarthy said, “ All right, I will agree.” Gottlieb then gave McCarthy an operating statement. At a second meeting Gottlieb delivered a list of details of the tenancies and other information. There was also a telephone conversation and some conversation about a mortgage loan. Before the case was submitted to the jury, decision was reserved on the defendant’s renewed motion to dismiss the complaint for failure of proof and after verdict, to set aside the verdict and for judgment in accordance with motions on which decision was reserved.
Preliminarily, consideration must be given to the vehemently reiterated contention of the plaintiff that the denial of the defendant’s motion for summary judgment established the law of the case that the services rendered by Gottlieb did not constitute the rendition of real estate brokerage services, the fact that he had no individual license does not preclude recovery, and this trial court is bound thereby.
The plaintiff misconceives or overlooks the nature and the meaning of the rule (Carmody on New York Practice [7th ed.], § 62). Certainly, it is beyond dispute that a court of co-ordinate jurisdiction ordinarily should not review nor will it overrule a colleague’s decision (Walker v. Gerli, 257 App. Div. 249). That is apposite in situations where pleadings have been passed upon, or in the case of definitive or substantive rulings. Cases cited by the plaintiff like Henry v. New York Post (168 Misc. 247, affd. 255 App. Div. 973, affd. 280 N. Y. 842, motion for' reargument denied 281 N. Y. 665) dealt with the validity of complaints or defenses. On the other hand, the object of summary judgment is to prevent delay (King Motor Sales Corp. v. Allen, 209 App. Div. 281, 283). When the court sees that there are triable issues, the case should take its usual course (Esteve v. Abad, 271 App. Div. 725, 728). The denial of the motion for summary judgment because there were issues of fact for a trial was a holding that the questions of law which were presented turned upon questions of fact, which should be determined only upon a record made on a full trial (Meadow Brook Nat. Bank of Freeport v. Ferkin, 303 N. Y. 853, 855). The subject to some may be abstruse for its sheer simplicity. Discussion may best be concluded with a quotation of the views expressed by the late Associate Justice Bekuabd L. Shiesttag in his monograph Summary Judgment (pp. 99-100). After *827 stating that denial of summary judgment is not a final disposition, he continues “ It is doubtful if it would serve any useful purpose to call the denial of a motion for summary judgment, if indeed it were proper to do so, ‘ the law of the case. ’ Whether you call it by any name at all, the final result is the same.” “ Notwithstanding the prior denial of summary judgment, the court at the trial may, if the facts and the law warrant direct, a verdict in favor of the party entitled thereto.”
The question for decision may be stated to be that of the validity o'f an oral real estate cobrokerage agreement consummated on behalf of a licensed real estate brokerage corporation by its unlicensed officer and without any participation in the making of the agreement or of the related real property sale by the corporate broker’s duly designated officer-licensee.
The plaintiff’s position is that Gottlieb’s activities were limited to the making of the cobrokerage agreement. He had nothing to do with the sale of real property, it is said. It contends alternatively on the authority of such cases as Chapman & Co. v. Cornelius (39 F. 2d 555) (bringing the defendant’s attention to a financing deal), and Stout v. William Kennelly, Inc. (218 App. Div. 385) (procuring the defendant’s employment as auctioneer) that the plaintiff’s case is that in the nature of a joint venture or of a finder. It may be observed here that in the same way Gottlieb at the trial equivocated in explanation of the use of the pronoun “ I ” in his narration of the initial conversation as speaking for the plaintiff corporation, viz., “ I ” meant “ We ”. If the deal was an “ I ” deal by Gottlieb alone, it must be remembered that the action is in the name of the corporation. If it is not for sharing of real estate cobrokerage, but, rather, for a half share of the commission for a finder’s fee, it would offend subdivision 10 of section 31 of the Personal Property Law (1949 Report of N. Y. Law Rev. Comm., pp. 609-618). Too, there is fatal variance from the allegations of the complaint, in either event amounting to a failure of proof of the vital allegations of the fourth paragraph o'f the complaint.
In the light of the apparent legislative objective which mandates strict supervision and regulation, discernible in the various provisions of the statute, article 12-A of the Real Property Law (Roman v. Lobe, 243 N. Y. 51, 54), it must be concluded that the agreement in suit is invalid. The plaintiff was competent to act in the premises only by its designated officer, not by its unlicensed president (Real Property Law, § 441-b, subd. 2; Brenner & Lewis v. Fawcett Pub., 197 Misc. 207, 208; Kernan & Co. v. Smith, 125 Misc. 108). That being so, the plaintiff is *828 cast as an unlicensed broker and cannot in law meet that requirement and has not proven it, so that it is barred from maintaining this action (Real Property Law, § 442-d; Meyers v. Suffin, 203 N. Y. S. 103). The defendant as a licensed broker may not split commissions “ for any service, help or aid ” by one not a duly licensed salesman or broker (Real Property Law, § 442).
Although the jury has accepted Gottlieb’s version against McCarthy’s denial of the pleaded agreement for the parties to act as cobrokers and to use their joint efforts to obtain a purchaser for real property, and to share equally the real estate brokerage commissions payable for procuring such purchaser, nevertheless I hold as a matter of law that Gottlieb was unqualified and disqualified and the agreement is tainted and illegal for the reasons stated.
The motion to set aside the verdict and to dismiss the complaint is granted because of a total failure of proof and because of the invalidity of the agreement.
The plaintiff may have a stay of execution for 30 days and, contingent upon seeking review, it may have 60 days to make a case.