Samuel H. Hofstadter, J.
The plaintiff, a membership corporation, organized for the purpose, among others, of providing its members and their families burial in conformity with the rites of the Jewish religion, owns and operates a section of the Beth David Cemetery in Nassau County for the interment *541 therein of the remains of its deceased members and their families. In 1956, at the request of one of its members, the plaintiff assigned a grave in which it authorized the burial of the remains of this member’s daughter, who was also the wife of the defendant. In October, 1956, the defendant had a tombstone erected over his wife’s grave, the carved inscription on which reads, in part, as follows:
‘ ‘ BENEATH THIS STONE LIES A WOMAN WHO LOVED LIFE BUT WAS MURDERED BY A DOCTOR WHOSE NAME IS NOT WORTHY TO APPEAR HERE.”
The presence of this matter on the tombstone is offensive to the plaintiff’s members and their families who visit the cemetery, and the plaintiff has been subject to complaint and criticism from persons offended by the inscription. Despite the plaintiff’s repeated requests for the removal of the objectionable inscription, the defendant has refused to do so and persists in maintaining it. Charging that the inscription is an improper, unreasonable and unauthorized use of the cemetery grounds, in violation of all rules of propriety and a desecration and “introduces an atmosphere of acrimony, bitterness and controversy where peace and harmony should prevail ’ ’, the plaintiff has brought this action for a mandatory injunction directing the defendant to remove the objectionable language. The foregoing is a summary of the first cause of action of the complaint; a second cause of action complains further that the presence of the objectionable words is libelous and constitutes a public nuisance. The answer besides denials contains defenses that the complaint does not state a cause of action, that the grave in question is in a desolate part of the cemetery grounds and that the inscription is not visible to passersby or visitors, that the plaintiff has been guilty of laches and finally that the plaintiff is not the real party in interest. It also annexes the full text of the inscription on the tombstone, containing not alone the words set out in the complaint, but in addition a tribute to the virtues of the deceased and other expressions of sentiment.
The plaintiff has moved for judgment on the pleadings; the defendant counters with a demand for like judgment in his favor, pursuant to rule 112 of the Buies of Civil Practice which permits the court on such motion to give judgment on the pleadings to either party, without regard to which party makes the motion.
The purchaser of a burial plot does not acquire a title in fee simple, but rather the right to make interments therein, subject to the reasonable rules of the cemetery association and the control of a court of equity. A lot owner may not erect improper monuments or such as bear improper inscriptions. *542 (Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 503, 505; Sockel v. Degel Yehudo Cemetery Corp. of N. J., 268 App. Div. 207; Tonella v. Fishkill Rural Cemetery, 135 Misc. 81, affd. 229 App. Div. 732, affd. 255 N. Y. 617; McGann v. McGann, 28 R. I. 130; Mansker v. Astoria, 100 Ore. 435; 14 C. J. S., Cemeteries, p. 93 and authorities cited.)
The briefs state many facts not found in the pleadings; while these matters are, of course, not before the court, they serve to emphasize what is apparent from the pleadings themselves: that there are issues of fact which cannot be resolved on the present motion. The inscription complained of may well be in questionable taste; it still remains to be determined whether it is so offensive as to merit judicial condemnation and a decree for its removal at the plaintiff’s instance. The defendant’s denials squarely tender the issue whether the language may reasonably, in the light of all the circumstances, be held objectionable. The denials of themselves preclude the granting of the plaintiff’s motion. (Von Oehsen v. Bartley, 241 App. Div. 619.) On the other hand, unless it can be said as matter of law, either that the defendant has the right to place any inscription he pleases on the tombstone, however hostile to the proprieties, free from interference by the plaintiff, or that the inscription here assailed can under no conceivable circumstances be pronounced improper and objectionable, by like token, the defendant is not entitled to judgment on the pleadings. Self-evidently, the defendant cannot successfully sustain either thesis. It follows that neither party may have judgment on the pleadings, regardless of the many other questions treated in the briefs. The motions are accordingly denied so that a full trial of all the issues may be had.