George Postel, J.
Defendant had secured a ground lease from the World’s Pair Corporation. Plaintiff was engaged to secure financing to enable construction of a pavilion. The advances were to be secured by assignment to the lender of gross rentals of subleases and the advances were to be 90% of such gross rentals. Plaintiff was to receive 5% of the amount advanced. He now moves for dismissal of the defense and counterclaim for insufficiency. They are rested on section 380 of the General Business Law, which reads:
‘ ‘ § 380. Rrokerage on loans
“ No person shall, directly or indirectly, take or receive more than fifty cents for a brokerage, soliciting, driving or procuring the loan or forbearance of one hundred dollars, and in that proportion for a greater or less sum, except loans on real estate security ”. (Emphasis supplied.)
Defendant urges that plaintiff may not recover as compensation any amount in excess of that permitted by the statute and argues in addition that plaintiff cannot recover since he fails to allege he is a licensed real estate broker. The statute is found in article 25 — interest and usury. Plaintiff argues, therefore, that the statute actually is concerned with usury and since defendant is a corporation, it cannot plead the defense. The argument is an historical one and is based on the contention that upon adoption of the original predecessor statute, the Legislature sought to raise an impediment to the lender interposing a broker as a device to augment the charge for the use of money. However, Scudder v. Hoyt (218 App. Div. 11, affd. 245 N. Y. 522) on which both parties rely, held the statute is not strictly concerned with usury and that a corporation may plead the statute as defense. Despite agreement, recovery of legal commission is permissible.
The question remains, therefore, whether the transaction is within the exception of loans on real estate security. The exception was enacted as part of the predecessor legislation as early *862 as 1895 (L. 1895, ch. 467; Scudder v. Hoyt, supra). However, defendant insists the loan here was upon the security of assigned rents and the leases out of which the rents grow are not chattels real. If an interest in realty was strictly the meaning intended by the Legislature, it would have been a simple matter to use words of art. The words here used lack that precision. In addition, if interests in realty were the prime and intended purpose, and amendment to existing statute was the vehicle, such amendment, it would seem, would find its logical place in the Real Property Law. Negotiations and dealings in real property were not the evil sought to be remedied or the subject to be regulated, but rather a matter of compensation intermingled vaguely with interest and usury. In this sense, a lease may well be regarded as a chattel real or having to do with real estate out of which grows the lease and the rents given as security for the loan (Sockel v. Degel Yehudo Cemetery Corp., 268 App. Div. 207; Matter of Ehrsam, 37 App. Div. 272; Despard v. Churchill, 53 N. Y. 192). The transaction here cannot be excluded as a matter of law from the exception expressed as it is in broad language.
The motion is granted and the defense and counterclaim are dismissed.